A91A0700. EMORY CLINIC et al. v. WYATT.
(407 SE2d 135)

CARLEY, Judge.

No expert affidavit was attached to the complaint whereby appellee-plaintiff initiated the instant medical malpractice action against appellant-defendants. However, appellee's complaint did invoke the applicability of OCGA § 9-11-9.1 (b) by alleging that the statute of limitations would run within ten days and that, due to time constraints, the requisite expert affidavit could not be prepared. On the 45th day after filing her complaint, appellee moved for an extension of time to file an expert affidavit. Before the hearing on this motion, appellants moved to dismiss for appellee's failure to comply with the pleading requirements of OCGA § 9-11-9.1. Some months later, the trial court conducted a hearing on both motions and granted appellee a seven-day extension of time and denied appellants' motion to dismiss. The trial court certified its order for immediate review and appellants applied to this court for an interlocutory appeal. The instant appeal results from the grant of appellants' application.

1. Appellants contend that appellee was not even entitled to the initial 45-day extension provided in OCGA § 9-11-9.1 (b). However, the allegations of appellee's complaint complied with the applicable provisions of OCGA § 9-11-9.1 (b) and those allegations have not been shown to be untrue. Accordingly, a 45-day extension of time within which to file an expert affidavit was automatic. "In such cases, the plaintiff *shall* have 45 days after the filing of the complaint to supplement the pleadings with the affidavit." (Emphasis supplied.) OCGA § 9-11-9.1 (b).

2. Although appellee moved for an extension of time within the initial 45-day period, appellants urge that appellee's motion should

have been denied because she failed to secure an actual ruling from the trial court within the initial 45-day period.

Nothing in OCGA § 9-11-9.1 (b) specifically provides that either the motion for an extension of time or the order thereon must necessarily be filed before the initial 45-day period has expired. "[B]y its terms[, OCGA § 9-11-9.1 (b)] does not distinguish between motions made within or made without the 45-day extension period. It merely provides that 'on motion, after hearing and for good cause' the filing period may be extended for whatever length of time the trial court determines justice requires." *Brake v. Mintz*, 193 Ga. App. 662, 664 (388 SE2d 715) (1989).

If, however, there is any applicable time limit, it would be that which is established by the general provisions of OCGA § 9-11-6 (b). In the instant case, there was compliance with OCGA § 9-11-6 (b) (1), which provides, in relevant part, that, if a request for an extension of time "is made before the expiration of the period originally prescribed," the trial court "may [grant the request] at any time. . . ." This statute clearly contemplates that the request for an extension of time can be made *prior* to the expiration of the originally prescribed time-period and that such a request can be granted *subsequent* thereto. Accordingly, assuming without deciding that the time limit established by OCGA § 9-11-6 (b) is applicable to a motion and order made pursuant to OCGA § 9-11-9.1 (b), the motion and order in the instant case were not untimely.

3. OCGA § 9-11-9.1 (b) provides that "[t]he trial court may, on motion, after hearing and *for good cause* extend such time [to file an expert affidavit] as it shall determine justice requires." (Emphasis supplied.) Broad discretion is vested in the trial court to determine whether "good cause" exists and what constitutes "good cause." *Brake v. Mintz*, supra at 665. Appellants urge that the trial court abused its broad discretion in the instant case.

The trial court granted appellee's motion based upon the following: On the 42nd day of the initial 45-day period, appellee's expert potential affiant, who resided out-of-state, received a copy of the affidavit for her review and execution. Upon seeing that the affidavit was captioned for submission in the instant case, the potential affiant informed appellee's counsel that she had a conflict of interest and could not provide an affidavit for use in an action brought against appellants. Although declining to allow appellee to use the affidavit to satisfy the pleading requirements of OCGA § 9-11-9.1, the potential affiant nevertheless signed the affidavit to signify her agreement with its substance and returned it to appellee's counsel. Appellee's counsel had attempted to secure the affidavit of another expert before the expiration of the initial 45-day period, but he had not succeeded in doing so.

" 'We will not substitute our judgment for that of the trial court when there is no obvious or apparent abuse of discretion by the court in what clearly is a matter of discretion. [Cits.] . . . Where the trial court hears evidence, considers briefs and arguments and thereafter in the exercise of its discretion renders a judgment on a motion, in the absence of legal error, the sole question for determination is whether there is any evidence to authorize and support that exercise of discretion.' [Cit.]" *Archie v. Scott*, 190 Ga. App. 145, 147 (3) (378 SE2d 182) (1989). Appellee's counsel was clearly attempting to satisfy the pleading requirements of OCGA § 9-11-9.1, because he secured an expert affidavit which would have been submitted by the expiration of the initial 45-day period had it not been for the potential affiant's conflict of interest. Apparently, no one was aware of the conflict of interest until the 42nd day when the potential affiant first saw the caption of the case in which her affidavit was to be submitted. In any event, it is clear that appellee's counsel was not aware of the conflict of interest until the potential affiant informed him on the 42nd day. That appellee's counsel did not present the affidavit for execution until the 42nd day does not demonstrate, as a matter of law, the absence of "good cause." Actual execution of an expert affidavit is quite often the culmination of a long process wherein counsel reviews all of the records and refines the wording of the affidavit. Although it may now be argued by some, with the benefit of hindsight, that appellee's counsel should have accelerated this process so as to have gained a greater margin of safety with regard to meeting the approaching deadline, the trial court was authorized to reject such an argument and to find the existence of a "good cause" to extend the time for compliance with OCGA § 9-11-9.1.

"[W]e find no manifest abuse of the trial court's discretion in determining that [appellee] . . . demonstrate[d] 'good cause' for the grant of [her motion] to extend the time for filing [her] expert's affidavit." *Brake v. Mintz*, supra at 665-666.

4. After finding that "good cause" existed to grant an extension of time to appellee, the trial court's order further states that, "[i]n oral argument . . ., [appellants] alleged that [appellee's potential affiant] is not an expert competent to testify. . . ." The trial court then addressed the merits of appellants' contention in this regard and concluded that appellee's potential affiant was "qualified to testify as an expert in this case. [Cit.]" Appellants enumerate this ruling as error.

The actual competency of appellee's potential affiant was and is a moot issue since she has not testified in this case due to her conflict of interest. The only relevancy of her affidavit was to demonstrate the diligence of appellee's counsel in *attempting* to secure an expert affidavit so as to satisfy the pleading requirements of OCGA § 9-11-9.1. If the potential affiant had been *clearly incompetent*, this would have

demonstrated a lack of diligence and would have compromised appellee's assertion of "good cause." However, appellee's potential affiant was not clearly incompetent to testify and any further extensive inquiry into her *actual* competency would be totally irrelevant since her affidavit was not being submitted for the purpose of satisfying the pleading requirements of OCGA § 9-11-9.1. It is only the actual competency of the expert whose affidavit appellee does submit that is the relevant inquiry in the instant case, and that issue *has not* been addressed by the trial court. Although appellants raised this moot issue and secured a ruling on the merits from the trial court, we will not address the merits of that issue on appeal. Having determined that "good cause" existed for the grant of an extension of time, the trial court was not required to determine the *actual* competency of appellee's potential affiant. Having affirmed the trial court's determination that "good cause" existed for the grant of an extension of time, we are not required to determine the *actual* competency of appellee's potential affiant.

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED JUNE 25, 1991.

*Allen & Ballard, Hunter S. Allen, Jr., Dennis A. Elisco, Amy L. Teets,* for appellants.

*Doffermyre, Shields & Canfield, Robert E. Shields, Leslie J. Bryan,* for appellee.