A92A0559. PIEDMONT HOSPITAL, INC. v. DRAPER.
A92A0560. GARRETT et al. v. DRAPER.
(421 SE2d 543)

COOPER, Judge.

This is a medical malpractice action resulting from knee reconstruction surgery performed by the appellant physicians on appellee. Within ten days of the expiration of the statute of limitation on appellee's cause of action, appellee filed her complaint. Appellee did not file an expert affidavit with her complaint, but invoked the provisions of OCGA § 9-11-9.1 (b) and obtained the automatic 45-day extension within which to file the affidavit. At the end of the 45-day period, appellee filed an affidavit of a Dr. Hotchner in which Hotchner stated that the doctors who performed appellee's surgery negligently failed to inform her that the graft used to reconstruct her knee was not approved by the United States Food & Drug Administration for such reconstruction and that the graft may deteriorate and fail. The affidavit did not state that appellee's injury was proximately caused by the surgical procedure as required by OCGA § 31-9-6.1 (d). Contemporaneously with Hotchner's affidavit, appellee filed a motion entitled "Motion to Extend Time for Filing of Supplemental Physician Affidavit," in which appellee stated that Hotchner could not determine the extent of appellee's injury based on the available medical records;

that Hotchner needed to perform exploratory surgery; that exploratory surgery could not be scheduled in time to file an affidavit; and that appellee requested an additional 60 days to file a supplemental affidavit to support her complaint. At the end of the 60-day period, and prior to a ruling on the motion, appellee filed an affidavit of a Dr. Kriegsman which substantively met the requirements of OCGA §§ 9-11-9.1 (a) and 31-9-6.1 (b). Kriegsman stated that the appellant physicians were negligent in failing to inform appellee about the graft and further stated that the physicians were negligent in using the graft on appellee and in attaching the graft with an improper screw. Although substantively Kriegsman's affidavit met the statutory requirements, the commission of the notary who attested the affidavit had expired when the affidavit was executed. After the 60-day period, a hearing was held before the trial court on appellee's motion. The trial court granted the 60-day extension, allowed Kriegsman's affidavit to be filed and also granted an additional extension to allow appellee to obtain a properly notarized affidavit from Kriegsman. We granted appellants' application for an interlocutory appeal. Although the appellants have filed two separate appeals, they raise parallel enumerations of error. Therefore, we will include the enumerations raised in both appeals in one discussion below.

1. Appellants first argue that the trial court's order was not authorized by OCGA § 9-11-9.1. They contend that section (b) of the statute only grants authority to supplement the pleadings with an affidavit when one has not yet been filed, not the authority to supplement a previously filed affidavit. Further, they contend that the court's order was an improper extension of the statute of limitation under OCGA § 9-11-9.1 (d); that the order contravenes the informed consent requirement of OCGA § 31-9-6.1; and that the order contravenes the specific requirements of OGGA § 9-11-9.1 (e) which state when the amendment of a complaint for failure to file an affidavit is proper. After giving due consideration to each of appellants' arguments, we disagree, and conclude that the order of the trial court was authorized under OCGA § 9-11-9.1.

OCGA § 9-11-9.1 (b) provides that in cases filed within ten days of the expiration of the statute of limitation, if the plaintiff alleges that the affidavit could not be prepared because of the time constraints, "the plaintiff shall have 45 days after the filing of the complaint to supplement the pleadings with the affidavit. The trial court may, on motion, after hearing and for good cause extend such time as it shall determine justice requires." We interpret appellee's motion to be a motion for a "good cause" extension to supplement the pleadings with an affidavit under OCGA § 9-11-9.1 (b). We acknowledge that appellee captioned her motion as one to supplement the affidavit, not the pleadings; that in the motion, appellee limited her request to a

supplementation of Hotchner's affidavit; and that appellee ultimately filed another physician's affidavit. However, appellee filed Kriegsman's affidavit prior to a hearing on the matter, and at the hearing, appellee argued that she was in fact asking for a good cause extension under section (b) in which to file an affidavit and that Hotchner's affidavit, together with her motion, were filed to show appellee's good faith attempts at that point in time to comply with the statute. We, too, view appellee's filing of Hotchner's incomplete affidavit, *contemporaneously with* a motion to extend time to supplement, as an effort to show appellee's good faith attempts at that point in time to comply with the statute. See *Emory Clinic v. Wyatt,* 200 Ga. App. 184 (3) (407 SE2d 135) (1991). Appellee's arguments at the hearing further convince us that this is a situation covered under section (b) in which a plaintiff who has received the automatic 45-day extension appeals to the trial court for additional time in which to file the requisite affidavit. Our interpretation is not affected by the fact that the original motion referenced Hotchner's affidavit and subsequently Kriegsman's affidavit was filed or by the fact that Kriegsman's affidavit recites acts of negligence not initially mentioned by Hotchner. If "good cause" were properly determined by the trial court, which is the issue raised in Division 2, then the filing of the new affidavit in its entirety was not prohibited by the statute. Since the extension requested by appellee is authorized by section (b), we discern no improper extension of the statute of limitation. Further, extensions granted pursuant to section (b) are specifically excepted from the amendment restrictions of section (e). *Cheeley v. Henderson,* 261 Ga. 498 (405 SE2d 865) (1991), cited by appellants, is specifically distinguishable because *Cheeley* was decided under sections (a) and (e) and does not involve a "good cause" extension under section (b).

2. Even though we have determined that appellee was not prohibited by the statute from obtaining an extension to file Kriegsman's affidavit, we cannot fully affirm the trial court's order unless the court properly determined that good cause existed for the requested extension. At the hearing, appellee argued that she was under Dr. Garrett's care for much of the two-year limitation period; that she continued to experience difficulty with her knee after surgery; that Dr. Garrett never told her about the lack of approval of the graft used; that she went to another doctor who replaced the screw in her knee; that just before the limitation period expired she became aware of the problems with the graft and filed suit; that she contacted numerous physicians in the Atlanta area and in the southeast and none of the physicians would become involved because they knew Dr. Garrett personally; that within one week of the 45-day extension, she obtained an affidavit from Hotchner, a physician in California, who could not determine the extent of her injury without examining her;

that appellee believed at that time that exploratory surgery was going to be necessary; that appellee then filed the incomplete affidavit together with the motion to extend; that she ultimately filed an affidavit from Kreigsman, another California physician, because he was willing to come to Atlanta to testify; that Kriegsman, too, had to examine appellee and that appellee wanted to insure that the physician providing the affidavit could testify at trial since appellee had to bear the expense for her examination in California; and that Kriegsman did not have to perform surgery, but he performed another procedure, which, together with his examination and the existing records, provided the basis for his affidavit. "Broad discretion is vested in the trial court to determine whether 'good cause' exists and what constitutes 'good cause.' [Cit.]" *Emory Clinic*, supra at 185. The determination of "good cause" is within the sound discretion of the trial court, and we will not reverse a decision of the trial court unless such discretion is manifestly abused. *Brake v. Mintz*, 193 Ga. App. 662, 665 (388 SE2d 715) (1989). After a review of the record, " '[w]e find no manifest abuse of the trial court's discretion in determining that appellee . . . demonstrated "good cause" for the grant of her motion to extend the time . . . .' [Cit.]" *Emory Clinic*, supra at 186. "Actual execution of an expert affidavit is quite often the culmination of a long process wherein counsel reviews all of the records and refines the wording of the affidavit. Although it may now be argued by some, with the benefit of hindsight, that appellee's counsel should have accelerated this process so as to have gained a greater margin of safety with regard to meeting the approaching deadline, the trial court was authorized to reject such an argument and to find the existence of a 'good cause' to extend the time for compliance with OCGA § 9-11-9.1." Id.

We also find no abuse of discretion by the trial court in granting an extra several days to have Kriegsman's affidavit properly notarized. Appellee's counsel stated to the court that he was not present when the affidavit was notarized in California and he was surprised by the expiration of the commission and could offer no explanation for the expiration. Appellee's counsel offered to inquire into it for the court and requested seven days to clear up the matter. Within that time, a properly notarized affidavit of Kriegsman was filed. Again, the court's discretion to allow the additional time was not manifestly abused. Further, even though appellee ultimately relied on a proper affidavit to fulfill the filing requirement, we note that, in any event, the acts of de facto notaries are valid. *Smith & Bondurant v. Meador*, 74 Ga. 416 (2) (1885); *Westley v. State*, 143 Ga. App. 344 (1) (238 SE2d 701) (1977).

*Judgments affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 25, 1992 —
RECONSIDERATION DENIED JULY 23, 1992.

Long, Weinberg, Ansley & Wheeler, Robert G. Tanner, Stephen H. Sparwath, Mark E. Robinson, for appellant (case no. A92A0559).

Allen & Peters, Hunter S. Allen, Jr., Dennis A. Elisco, for appellants (case no. A92A0560).

Lamar, Archer & Cofrin, Robert C. Lamar, David W. Davenport, for appellee.