## A92A2443. SANDERS et al. v. ALLSTATE INSURANCE COMPANY.

(428 SE2d 575)

BEASLEY, Judge.

Defendant insurer was granted summary judgment, based on expiration of the statute of limitation, in a suit to collect the benefits under a policy of renter's insurance. It had denied plaintiffs' claim for fire damage.

The facts are not in dispute. On December 1, 1990, a fire occurred at plaintiffs' residence, damaging the dwelling and contents. At the time, plaintiffs were insured under an Allstate renters policy which covered fire loss. They timely submitted a proof of loss form and list of damaged contents as required under the policy, and they were examined under oath by the insurer.

On April 1, 1991, plaintiffs were notified by certified mail that their claim was denied and their policy declared void.

The policy required that "any suit or action [against the insurer] must be brought within one year after the date of loss." The parties agree that the date for filing suit expired on November 30, 1991, which fell on a Saturday. The complaint was filed on Monday, December 2, the first business day thereafter.

1. *Allstate Ins. Co. v. Stephens*, 239 Ga. 717 (238 SE2d 382) (1977), was the last pronouncement by the Supreme Court on this question. There the Court construed former Code Ann. § 102-102 (8) (the predecessor to OCGA § 1-3-1 (d) (3)), which provided: "When a number of days is prescribed for the exercise of any privilege, or the discharge of any duty, only the first or last day shall be counted; and if the last day shall fall on Saturday or Sunday, the party having such privilege or duty shall have through the following Monday to exercise such privilege or to discharge such duty." Because Code Ann. § 102-102 (8) applied to obligations in which "a number of days is prescribed," the Court distinguished between contractual limitations stated in terms of days and those stated in terms of months and years, holding that former Code Ann. § 102-102 (8), "applies only to limitations in terms of days. It does not apply where the limitation is in terms of months or years."

The legislature eliminated that distinction in repealing Code Ann. § 102-102 (8) and codifying OCGA § 1-3-1 (d) (3) (Ga. L. 1985, p. 648, § 1). It specifies: "when a period of time measured in days, weeks, months, years, or other measurements of time except hours is prescribed for the exercise of any privilege or the discharge of any duty, the first day shall not be counted but the last day shall be counted; and, if the last day falls on Saturday or Sunday, the party having such privilege or duty shall have through the following Monday to exercise the privilege or to discharge the duty." Uniformity

was achieved by making this Code section applicable to the computation of time periods under the Civil Practice Act. OCGA § 9-11-6 (a) (Ga. L. 1985, p. 648, § 2).

There is no longer a basis for distinguishing between days and months or years in computing time limitations. As Chief Justice Nichols aptly observed in his dissent in *Stephens*, "I see no rational reason for a rule which denies an individual his day in court merely because a contractual limitation which sets the time within which a suit may be filed is expressed in terms other than days. If the last day of a limitation falls on a day which sees a business operation closed, or a courthouse vacant, then the next day of business should be the last day of the limitation. If there is no clerk with which to file a pleading, or no corporate office open to receive a contracted-for payment, then the only fair construction of the contractual or statutory limitation is one which sets the next business day, following the nonbusiness day on which the term expires, as the last day of the limitation." Neither *Universal Scientific v. Safeco Ins. Co. of America*, 174 Ga. App. 768 (331 SE2d 611) (1985) (physical precedent only), nor *Desai v. Safeco Ins. Co. of America*, 173 Ga. App. 815 (328 SE2d 376) (1985), control. Although both cases held that suit was barred when filed on the Monday following the expiration of the one-year period which occurred on a Saturday or Sunday, those contracts were entered into and the losses experienced prior to enactment of the 1985 version of OCGA § 1-3-1 (d) (3).

2. The question remains whether OCGA § 1-3-1 (d) (3), applies to the contractual suit limitation of the Allstate policy. *Stephens*, supra, expressly reaffirmed the holding in *Brooks v. Hicks*, 230 Ga. 500 (197 SE2d 711) (1973), that by analogy former Code Ann. § 102-102 (8) "applies to contracts as well as statutes." *Stephens*, supra at 718. " 'It is true Code Ann. § 102-102 (8) is a rule of statutory construction, and does not . . . apply to contractual limitations; yet, this Code Section states a rule of reason with respect to limitations, be they statutory or contractual, which should be applied to limitations in contracts.' " *Stephens*, supra at 719, quoting *Brooks v. Hicks*, supra at 501. Although *Stephens* was limited to contractual limitations stated in terms of days, its rationale survives the statutory expansion. We therefore hold that OCGA § 1-3-1 (d) (3) is applicable to the one-year suit limitation contained in the Allstate renters policy. The policy itself provided that "[w]hen [its] provisions are in conflict with the statutes of the state . . . the provisions are amended to conform to such statutes." The one-year limitation period is construed to conform to the computation method set forth in OCGA § 1-3-1 (d) (3).

*Judgment reversed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 4, 1993 —
RECONSIDERATION DENIED FEBRUARY 23, 1993 — 

*Wayne R. Rasmussen*, for appellants.
*Webb, Carlock, Copeland, Semler & Stair, William E. Zschunke, Julianne L. Swilley*, for appellee.