A93A2022. BROWN v. MIDDLE GEORGIA HOSPITAL, INC.
(440 SE2d 687)

ANDREWS, Judge.

Appellant John Brown, as surviving spouse of Cotis Brown, filed a medical malpractice action against Middle Georgia Hospital on July 1, 1992. The complaint alleged that Mrs. Brown was admitted to the hospital on July 11, 1990 and that she died September 13, 1990. An original notarized affidavit of Dr. Harvey Jones was filed contemporaneously with the complaint pursuant to OCGA § 9-11-9.1. Brown voluntarily dismissed the action without prejudice on July 28, 1992.

Brown refiled the complaint, pursuant to OCGA § 9-2-61, on January 27, 1993. Attached to the renewed complaint was a facsimile copy of the affidavit of Patricia Zack, R.N. No reference was made to the prior affidavit in the renewal action. On February 8, 1993, Brown filed a motion requesting the court to consider the filing of a facsimile copy of the affidavit an inadvertent error. The motion requested that the court find that the affidavit of Ms. Zack was timely filed. The trial court granted that motion on February 8, 1993, finding that through inadvertent error, a notarized expert affidavit was not filed with the complaint.

On February 26, 1993, Middle Georgia Hospital filed its answer to the complaint. Contemporaneously therewith, the hospital filed a motion to strike the affidavit and to dismiss the complaint. After a hearing on the matter, on May 4, 1993, the trial court dismissed the complaint with prejudice. In doing so, the court found that the facsimile copy of the affidavit filed was insufficient because it did not contain an original signature of the affiant and an original jurat. The court also determined that the failure to file a sufficient affidavit was not the result of a "mistake" so as to constitute an amendable defect, and that the statute of limitation had expired.

1. In his first enumeration of error, Brown claims that the trial court erred in dismissing his renewed complaint since the facsimile copy of the affidavit was sufficient. Brown also argues that the trial court erred in finding that his failure to file an original affidavit did not constitute an amendable defect. We note at the outset that in reviewing the trial court's action on this issue, the trial court is allowed broad discretion. "[I]n the absence of legal error, the sole question for determination is whether there is any evidence to authorize and support that exercise of discretion." (Citation and punctuation omitted.) *Archie v. Scott*, 190 Ga. App. 145, 146 (2) (378 SE2d 182) (1989). The court's discretion is not disturbed absent manifest abuse. *Brake v. Mintz*, 193 Ga. App. 662 (388 SE2d 715) (1989).

With regard to whether a facsimile copy may be filed with the complaint, we turn to *Waldroup v. Greene County Hosp. Auth.*, 204 Ga. App. 256 (2) (419 SE2d 36) (1992) for guidance. In that case, we noted that "[a]lthough the statute contemplates that the original affidavit of the expert should be filed, our decision in *Gooden v. Ga. Baptist &c.*, 198 Ga. App. 407 (1) (401 SE2d 602) (1991) does not prohibit trial courts when justice so requires from considering facsimiles of affidavits that are available during the statutory period. See *Emory Clinic v. Wyatt*, 200 Ga. App. 184 (3) (407 SE2d 135) (1991); *Reid v. Brazil*, 193 Ga. App. 1 (2) (387 SE2d 1) (1989)." *Waldroup*, supra at 258. In *Waldroup*, "[b]ecause the record supports the plaintiffs' contention that the Sargent affidavit was available during the statutory grace period, the Georgia Supreme Court's decision in *St. Joseph's Hosp. v. Nease*, 259 Ga. 153 (1) (b) (377 SE2d 847) (1989) requires that plaintiffs be allowed to amend their complaint." *Waldroup*, supra at 258.

Thus, the resolution of whether a facsimile copy of an affidavit may be filed with the complaint is determined by whether the failure to file the proper affidavit in the first place constitutes an "amendable defect." In this regard, OCGA § 9-11-9.1 (f) provides: "[i]f a plaintiff fails to file an affidavit as required by this Code section and the defendant raises the failure to file such an affidavit in its initial responsive pleading, such complaint shall not be subject to the renewal provisions of Code Section 9-2-61 after the expiration of the applicable period of limitation, *unless a court determines that the plaintiff had the requisite affidavit available prior to filing the complaint and the failure to file the affidavit was the result of a mistake.*" (Emphasis supplied.)

In support of his motion to set aside the dismissal in this case, Brown's counsel filed an affidavit. With regard to her alleged mistake, she avowed that: "inadvertent error prevented me from being able to file the original expert affidavit of plaintiff's first expert . . . with plaintiff's renewed complaint. Specifically, I stated that I was in-

formed by Ms. Sheppard that because an emergency arose at the hospital where she worked which prevented her from being able to personally mail her affidavit, she asked her mother to mail the affidavit. Forgetting that there was a time difference between Georgia and Tennessee, the affidavit was not mailed in time. Due to time constraints, and because I was not certain that I could rely on my first expert, I contacted my second expert, Ms. Patricia Zack, R.N. and requested that she fax to my office a copy of her original affidavit. Ms. Zack's facsimile affidavit and plaintiff's renewed complaint was timely filed with the court on January 27, 1993."

We find no error in the trial court's rejection of Brown's contention that the failure to file the affidavit was an amendable defect within the meaning of the statute. There was no evidence that there was an affidavit in counsel's possession at the time of the filing of the lawsuit. In fact, it appears that counsel did not have the affidavit in her possession, but had only a promise from the expert that she was sending the affidavit by mail. Brown's argument that the first expert's mother's failure to timely mail the affidavit constituted a "mistake" which would permit an amendment stretches the meaning of "mistake" beyond the intention of the statute. See generally *Gooden*, supra; *Austin v. Greenberg Farrow Architects*, 201 Ga. App. 448, 450 (411 SE2d 346) (1991). Brown did not move to allow the affidavit until 11 days after the complaint was filed and the statute of limitation had expired, and in light of the fact that there was no evidence of mistake in the sense intended by the statute, we find no error. Compare generally *Piedmont Hosp. v. Draper*, 205 Ga. App. 160, 162 (421 SE2d 543) (1992).

The fact that a different affidavit was filed with the original complaint does not change the result. There was no reference to the former affidavit in the refiled complaint. No reference was made to that affidavit in plaintiff's February 8 motion to allow the filing. Brown's counsel referred only summarily to that affidavit in response to defendant's motion to dismiss the complaint. In fact, the present record did not even contain a copy of the prior affidavit until Brown filed the motion for reconsideration and to set aside judgment on May 14, 1993. The fact that the former affidavit was not the basis for Brown's argument distinguishes this case from *Nease*, supra; *Bell v. Figueredo*, 259 Ga. 321 (381 SE2d 29) (1989); and *Hosp. Auth. of Fulton County v. McDaniel*, 192 Ga. App. 398 (385 SE2d 8) (1989). In the instant case, Brown's choice to file the affidavit of another expert was intentional and deliberate. Thus, unlike the situations in *Nease*, *Bell*, and *McDaniel*, supra, the instant facts do not present a case of oversight since the affidavit in Brown's possession was not one he intended to file.

Accordingly, we find no manifest abuse of discretion in the trial

court's decision to dismiss the complaint.

2. Brown claims that the trial court erred by granting the hospital's motion to dismiss the complaint with prejudice after first granting the motion to accept his expert affidavit as timely filed. Brown argues that the February 8 order allowing amendment was an order which was appealable and that appellee's failure to move the court to set aside that judgment and failure to file a notice of appeal renders the order at issue here void. Brown cites no authority to support this proposition and the enumeration is without merit. The February 8 order was not a final, appealable order and the trial court had the authority to set such order aside after Middle Georgia Hospital filed its responsive pleadings.

*Judgment affirmed. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED JANUARY 25, 1994 —
RECONSIDERATION DENIED FEBRUARY 9, 1994 —

*Karen K. Daniels*, for appellant.
*Martin, Snow, Grant & Napier, John C. Edwards, Lisa M. Edwards*, for appellee.