## A94A1055. DIXON v. BARNES.
(446 SE2d 774)

ANDREWS, Judge.

We granted Dixon's application for an interlocutory appeal from the trial court's order denying his motion to dismiss Barnes' medical malpractice complaint for failure to timely file the expert affidavit required by OCGA § 9-11-9.1 and granting Barnes an extension of time to file the affidavit.

Because the statute of limitation expired within ten days of the filing of her complaint on May 24, 1993, Barnes relied upon the provi-

sions of OCGA § 9-11-9.1 (b) allowing forty-five days after the filing of the complaint to supplement the pleadings with the required expert affidavit. After no expert affidavit was filed within the 45-day extension period which expired on July 8, 1993, Dixon moved for dismissal on July 28, 1993. On August 26, 1993, seven weeks after the forty-five-day period had expired, Barnes proffered an expert affidavit and moved for an extension to file the affidavit for "good cause." Concluding that Barnes had shown "good cause" because her treating physician refused "at the last minute before filing the complaint . . . to execute an affidavit," the trial court denied the motion to dismiss and granted an extension of time for filing the affidavit pursuant to OCGA § 9-11-9.1 (b). Despite the fact that the motion for extension had not been filed within the original 45-day extension period, the trial court ruled that Barnes justifiably relied on language in *Emory Clinic v. Wyatt,* 200 Ga. App. 184 (407 SE2d 135) (1991), and *Brake v. Mintz,* 193 Ga. App. 662 (388 SE2d 715) (1989), indicating that a motion for an extension could be considered and granted for good cause even if filed after the expiration of the initial 45-day extension.

1. Appellant claims the motion seeking additional time to file the affidavit was untimely filed after the initial 45-day extension and that the trial court erred by considering the motion.

After providing for an automatic 45-day extension for filing the required expert affidavit, OCGA § 9-11-9.1 (b) further provides that "[t]he trial court may, on motion, after hearing and for good cause extend such time as it shall determine justice requires." In both the *Brake* and *Emory Clinic* cases cited by the trial court, the plaintiffs invoked the 45-day extension of time in which to file an expert affidavit pursuant to OCGA § 9-11-9.1 and subsequently moved, before the end of the 45-day period, for the trial court to further extend the time for "good cause." In *Brake,* supra at 664, the plaintiff argued that the extension provisions of OCGA § 9-11-9.1 (b) should be construed together with OCGA § 9-11-6 (b). Under § 9-11-6 (b) the trial court may: (1) extend the original period of time "for cause shown" if a request is mailed before the expiration of the original period, or (2) if a motion for additional time is filed after the expiration of the original time period, enter an order "permit[ting] the act to be done where the failure to act was the result of excusable neglect." In holding that OCGA § 9-11-6 (b) was not applicable, we stated that "OCGA § 9-11-9.1 is a subsequently enacted statute which by its terms does not distinguish between motions made within or made without the 45-day extension period. It merely provides that 'on motion, after hearing and for good cause' the filing period may be extended for whatever length of time the trial court determines justice requires. We read 'for good cause' in § 9.1 (b) to establish a higher standard than that in § 6 (b) of 'for cause shown.' . . . We do not find that these two provi-

sions conflict (although, if conflict exists, § 9.1 (b) as the latter, and therefore true, expression of the legislature would prevail . . .) . . . [R]ather [we] read OCGA § 9-11-9.1 (b) as carving out one limited exception to the application of OCGA § 9-11-6 (b)." (Citations and punctuation omitted.) Id. at 664-665. In *Emory Clinic*, supra at 184-185, although the plaintiff moved for an extension within the original 45-day period, defendants argued that the plaintiff failed to secure a ruling on the extension within the 45-day period. We stated that "[n]othing in OCGA § 9-11-9.1 (b) specifically provides that either the motion for an extension of time or the order thereon must necessarily be filed before the initial 45-day period has expired." Id. at 185.

The statements in *Brake*, supra and *Emory Clinic*, supra, indicating that a motion to extend the initial 45-day period may be considered under the "good cause" standard when filed after the 45-day period has expired are dicta and will not be followed. By providing in § 9-11-9.1 (b) that "[t]he trial court may, on motion, after hearing and for good cause extend such time . . . ," we believe the Legislature intended that any motion to extend the initial 45-day period must be filed before the expiration of such period.

The extension of time provisions enacted by the Legislature in OCGA § 9-11-6 (b) are instructive in this regard. Under § 9-11-6 (b) (1), upon request for enlargement of the time to do an act made before expiration of the initial time period, the trial court, "for cause shown," is authorized to *order the period extended*." (Emphasis supplied.) Under section (b) (2) of the statute, if a request for enlargement of time to do an act is made after the expiration of the initial period, the trial court, for "excusable neglect," may *permit the act to be done*." (Emphasis supplied.) The distinction is important for two reasons. First, this language shows that a request for an extension of a period of time under the statute refers to an enlargement of the initial time period prior to its expiration, whereas a request for enlargement of the permitted time to do an act after the initial period has expired refers, not to an extension of the applicable period, but to permission to do an act outside the applicable period. Secondly, the Legislature distinguished extension requests from requests for additional time after expiration of the specified period by applying a higher "excusable neglect" standard to the latter. Accordingly, we conclude the language of OCGA § 9-11-9.1 (b) authorizing the trial court to apply a single "for good cause" standard to "extend" the applicable 45-day period refers to requests for extensions prior to the expiration of the applicable period.

We find this view of the extension provisions of OCGA § 9-11-9.1 (b) consistent with the intent of the statute requiring the prompt filing of an expert affidavit along with the complaint and the elimination of frivolous malpractice claims. *0-1 Drs. Mem. Holding Co. v.*

*Moore*, 190 Ga. App. 286, 288 (378 SE2d 708) (1989). Moreover, since under OCGA § 9-11-9.1 (c), the defendant need not answer the complaint until 30 days after the filing of the expert affidavit, "[w]here the plaintiff fails to file the affidavit within the 45-day period or fails to obtain a ruling on a motion to extend that period, the defendant is left in a state of uncertainty regarding when to file an answer or even whether filing an answer will be necessary. We do not agree . . . that it is proper or fair to leave a defendant dangling for an indeterminable period after a plaintiff files a complaint alleging professional malpractice before the defendant can adequately answer the negligent act or omission claimed to exist." *Brake*, supra at 666.

Nevertheless, we agree with the trial court's conclusion that in this case, given the statements made in *Brake* and *Emory Clinic* regarding motions filed after expiration of the 45-day period, it would be unfair to dismiss the plaintiff's complaint on the basis that the request for additional time to file the affidavit was made after the 45-day period expired, without considering whether there was good cause for the requested extension of time to file the affidavit. See *Harrell v. Lusk*, 263 Ga. 895 (439 SE2d 896) (1994); *Lutz v. Foran*, 262 Ga. 819, 824 (427 SE2d 248) (1993).

2. Appellant argues that the trial court abused its discretion in finding that the plaintiff showed "good cause" for the additional time granted to submit the expert affidavit. The trial court concluded in its order that "[p]laintiff has shown good cause, but only as it relates to the difficulties regarding refusal of [p]laintiff's treating physician to sign an affidavit. . . . [T]he Court accepts that [p]laintiff's counsel was led by the [p]laintiff's treating physician to believe that there were facts sufficient to raise a colorable claim and that at the last minute before filing the complaint the physician refused to execute an affidavit." Based on these findings, the trial court found good cause and allowed the plaintiff additional time to file the expert affidavit, which was filed along with the motion for additional time on August 26, 1993, an additional seven weeks after the initial forty-five-day period had expired.

In addition to the facts recited by the trial court, which related to efforts to obtain the affidavit before the complaint was filed, the only other evidence offered which could have supported the trial court's determination of "good cause" was a general statement by plaintiff's counsel that he "in good faith attempted to contact several other physicians to obtain the requisite affidavit in this matter to no avail." The plaintiff gave no explanation to justify the failure to obtain the required affidavit during the forty-five-day extension period or during the seven-week delay in filing the affidavit following the expiration of the initial forty-five-day period. We find that the plaintiff in this case failed to produce any evidence showing a reasonable effort was made

to obtain the expert affidavit after the complaint was filed. See *Brake*, supra at 665-666. Although a trial court has broad discretion in determining whether or not "good cause" exists to grant a requested extension, there must be some evidence to support the court's exercise of discretion. *Archie v. Scott*, 190 Ga. App. 145, 147 (378 SE2d 182) (1989). In this case, the trial court abused its discretion in finding there was "good cause" to grant the requested extension.[1]

*Judgment reversed. Pope, C. J., McMurray, P. J., Birdsong, P. J., Beasley, P. J., Johnson, Blackburn, Smith, JJ., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JULY 14, 1994.

Shaw, Maddox, Graham, Monk & Boling, David F. Guldenschuh, for appellant.
Davidson & Strain, William E. Davidson, Jr., for appellee.

---

[1] After oral argument, appellant informed this court that the parties had reached an agreement to settle the case. It appears that appellee contends otherwise. Since we cannot conclude that the issues raised in the appeal have become moot, appellant's motion to enforce the settlement or for a remand to the trial court is denied. See *Dept. of Human Resources v. Chambers*, 211 Ga. App. 763, 765 (441 SE2d 77) (1994); compare *Burkett v. Dunlap*, 9 Ga. App. 671 (72 SE 65) (1911); *American Cyanamid Co. v. Carter*, 164 Ga. App. 538, 539-540 (298 SE2d 276) (1982).