## A95A0963. WORKS et al. v. AUPONT et al.

(465 SE2d 717)

McMurray, Presiding Judge.

On the morning of June 11, 1992, Paul Worth was admitted for outpatient surgery at Satilla Regional Medical Center. He died about four hours later, but not before suffering gradual bodily deterioration during the post-operative recovery period. Review of medical records by a registered nurse and a physician from the State of New York indicate that Worth's death was the result of substandard medical care by the hospital's nursing staff and the treating physicians, Pierre Aupont, Robert Carbaaugh, James S. Snow and S. William Clark III. The registered nurse and the New York physician suggest that Worth's suffering and death were due (in large part) to untimely response and improper treatment of the patient's high-risk medical condition, i.e., diabetes mellitus and hypertension.

On June 10, 1994, the Friday before expiration of the two-year statute of limitation, Fannie Lee Grady, as next friend of Azzie Lee Works and temporary administrator of the estate of Paul Worth (plaintiffs), brought a medical malpractice action against Pierre Aupont, Robert Carbaaugh, James S. Snow, Satilla Health Services, Inc. d/b/a Satilla Regional Medical Center, Doctor S. William Clark III, and Clark Eye Clinic. A nurse's affidavit was filed with the complaint as required by OCGA § 9-11-9.1 (a), but an affidavit supporting the medical malpractice claims against the treating physicians was not. Plaintiffs instead invoked the automatic 45-day extension period prescribed by OCGA § 9-11-9.1 (b), alleging that "the statute of limitations will expire within ten (10) days of the filing of this complaint and because of such time constraints an expert affidavit concerning the Defendant Doctors could not be prepared for filing with the complaint." Five days later, on June 15, 1994, plaintiffs filed the New York physician's affidavit. Plaintiffs' attorney received this affidavit on Monday, June 13, 1994.

The treating physicians and Clark Eye Clinic sought dismissal of the complaint with prejudice or summary judgment, asserting that plaintiffs failed to contemporaneously file an expert's affidavit with the complaint as required by OCGA § 9-11-9.1 (a). The trial court agreed, rejecting plaintiffs' allegation that "time constraints" prevented compliance with OCGA § 9-11-9.1 (a). This appeal followed entry of an order, certified pursuant to OCGA § 9-11-54 (b), dismissing plaintiffs' complaint and purportedly granting summary judgment in favor of the treating physicians and Clark Eye Clinic based on plaintiffs' failure to comply with the pleading requirement of OCGA § 9-11-9.1. See *Druckman v. Ethridge*, 198 Ga. App. 321 (1) (401 SE2d 336). *Held*:

1. In *Sisk v. Patel*, 217 Ga. App. 156 (456 SE2d 718), a majority

of this Court recently recognized that OCGA § 9-11-9.1 has done more to spawn wasteful litigation than to "achieve its purpose of reducing frivolous litigation." *Sisk v. Patel*, 217 Ga. App. 156, 160, supra. The case sub judice is no exception. This time, however, the dissent is reading more into OCGA § 9-11-9.1 than is provided, rather than demanding strict compliance with the statute as was the case in *Sisk*, in order to justify cutting off a cause of action for medical malpractice which has been deemed by an expert to have factual merit. See *Sisk v. Patel*, 217 Ga. App. 156, 160, supra.

An examination of the hearing transcript as well as the trial court's summary judgment order reveals that the trial judge disposed of plaintiffs' medical malpractice claims against the treating physicians and Clark Eye Clinic because he did not believe plaintiffs' allegation that "time constraints" prevented compliance with the contemporaneous filing requirements of OCGA § 9-11-9.1 (a). We reverse because OCGA § 9-11-9.1 (b) unambiguously provides for an *automatic* 45-day extension for filing the requisite affidavit "to any case in which the period of limitation will expire within ten days of the date of filing and, because of such time constraints, the plaintiff has alleged that an affidavit of an expert could not be prepared." OCGA § 9-11-9.1 (b). See *Dixon v. Barnes*, 214 Ga. App. 7, 8 (1) (446 SE2d 774). If these two conditions are met, it does not matter whether the trial court believes or disbelieves a plaintiff's allegation that "time constraints" prevented compliance with the contemporaneous filing requirement of OCGA § 9-11-9.1 (a). The plaintiff is given 45 extra days to come up with the necessary affidavit. It is not until after expiration of this 45-day period that subsection (b) provides for a hearing to determine whether good cause exists for any further delay. *Piedmont Hosp. v. Draper*, 205 Ga. App. 160, 161 (1) (421 SE2d 543).

In the case sub judice, plaintiffs' complaint against the treating physicians and Clark Eye Clinic was filed within ten days before expiration of the two-year statute of limitation and, because of this time constraint, plaintiffs' attorney alleged that an affidavit of an expert could not be prepared for filing with the complaint. Consequently, since the requisite affidavit was filed within 45 days after the filing of plaintiffs' complaint, the trial court had no discretion in questioning plaintiffs' excuse for noncompliance with OCGA § 9-11-9.1 (a). Thus, the trial court erred in granting summary judgment in favor of the treating physicians and Clark Eye Clinic based on plaintiffs' failure to comply with the contemporaneous filing requirement of OCGA § 9-11-9.1 (a).

2. Plaintiffs' remaining enumeration of error presents nothing for review since the theory of liability questioned therein was not precluded by the trial court upon summary adjudication. The only basis of the trial court's order was dismissal of the plaintiffs' complaint for

failure to comply with OCGA § 9-11-9.1. See *Druckman v. Ethridge*, 198 Ga. App. 321 (1), supra.

*Judgment reversed. Pope, P. J., and Blackburn, J., concur. Beasley, C. J., concurs specially. Smith and Ruffin, JJ., concur in the judgment only. Birdsong, P. J., Andrews and Johnson, JJ., dissent.*

BEASLEY, Chief Judge, concurring specially.

Our task in this case requires a construction of a statute, so we must "look diligently for the intention of the General Assembly, keeping in view at all times the old law, the evil, and the remedy." OCGA § 1-3-1 (a). We must also give "ordinary signification" to words. OCGA § 1-3-1 (b).

In an effort to preclude frivolous malpractice claims, the legislature has created in OCGA § 9-11-9.1 an inordinately detailed scheme of exceptions to its requirement that an affidavit accompany the complaint. Instead of leaving to the wisdom of the judiciary the discretion to tailor general standards of "justifiable delay" or "reasonable extension of time" to specific cases where justice may warrant an exception to contemporaneous filing, the rigid rules relating to exceptions have spawned a legion of cases on the construction and application of the statute. One of the most problematic recent ones is *Sisk v. Patel*, 217 Ga. App. 156 (456 SE2d 718) (1995). Here is another instance.

The legislature has provided in subsection (b) a narrow but liberal exception to the contemporaneous filing requirement of OCGA § 9-11-9.1 (a). It is liberal in that it permits a plaintiff who feels the life-extinguishing breath of the statute of limitation 45 extra days to file the affidavit and thus avoid expiration of his claim. This, depending on when the complaint is served, may even be beyond the ordinary expiration date for filing the answer, so as to work an extension for that, too. OCGA § 9-11-9.1 (c). It works in effect a partial forty-five-day extension of the two-year statute of limitation for certain malpractice cases, OCGA § 9-3-71 (a), even though it expressly does not actually extend the period of limitation. OCGA § 9-11-9.1 (d). The legislature recognized the practicality that the required affidavit, a particularized pleading requirement for only certain civil cases, might not be ready for filing although it is in the process of being obtained when the expiration of the cause of action is imminent.

The exception is narrow in that it applies only in one circumstance, that is, when there is a congruence of two factors: 1) the statute of limitation will expire within ten days of the filing of the complaint; 2) "the plaintiff has alleged that an affidavit of an expert could not be prepared."

I do not agree with the majority that defendants cannot challenge the truthfulness of the allegation and defeat the plaintiffs' reliance on the automatic 45-day extension. If the legislature meant that the re-

quired allegation could not be challenged, it would have used a word other than "alleged," as that means a statement subject to challenge: "stated; recited; claimed; asserted; charged." *Black's Law Dictionary* (rev. 4th ed. 1968); see *Jenkins v. Garrison*, 265 Ga. 42, 48, n. 11 (453 SE2d 698) (1995). Also, if it meant the allegation insulated the 45-day extension, then it has no meaning and that factor might just as well have been left out of the statute. There would be a forty-five-day extension whenever the statute of limitation expires within ten days of the filing of the complaint. We are compelled to attribute meaning to all parts of a statute. *Redding v. State*, 205 Ga. App. 613, 615 (2) (423 SE2d 10) (1992).

Secondly, judicially according unassailable conclusiveness to the allegation shields possible untruth from both consequence and sanction, as Judge Andrews points out, and I cannot attribute such intention to the legislature, more so because it relates to an allegation of an officer of the court rather than to that of a complaining party. Such an officer has a higher duty than does a non-verifying complainant, although "honesty and good faith" is a requirement of pleading which applies to the latter as well. *Stuckey's Carriage Inn v. Phillips*, 122 Ga. App. 681, 692 (4) (178 SE2d 543) (1970).

What is meant by the extension being "automatic" is that plaintiff need not seek it from the court; he or she automatically has it if the two factors are present. It does not mean that plaintiff cannot be called upon to show the existence of the two factors, both of which involve facts. The first would require plaintiff to establish when the cause of action arose, so as to measure the limitation period for its expiration date, and the second would require plaintiff to show that the reason the affidavit was not filed is that it could not be in hand for filing with the complaint.

This, of course, invites a mini-trial under OCGA § 9-11-12 (b) (6), a fact-finding journey for the parties and trial court at the outset of the proceedings if defendants demand it, to ascertain whether the affidavit, in good faith, truly could not be prepared and on hand for filing with the complaint. This is envisioned in *Emory Clinic v. Wyatt*, 200 Ga. App. 184 (1) (407 SE2d 135) (1991). *Hewitt v. Kalish*, 264 Ga. 183 (1) (442 SE2d 233) (1994), explains the availability of a hearing under OCGA § 9-11-12 (d) for challenges to the affidavit. Good faith of counsel played a major role in another subsection (b) case, *Piedmont Hosp. v. Draper*, 205 Ga. App. 160, 162 (1) (421 SE2d 543) (1992), although it related to the request for a further extension.

Here it appears that everything was in order except that counsel misconstrued the statutes. With hindsight, the complaint and affidavit could have been filed on June 13, the last day for filing within the statute of limitation and the day counsel received the affidavit. Then recourse to the statutory extension would not have been necessary.

But counsel believed that the statute expired on Saturday, June 11, relying on *Allstate Ins. Co. v. Stephens*, 239 Ga. 717 (238 SE2d 382) (1977), and so filed it on June 10, three days before the statute ran and thus "within 10 days" of expiration, the large window of opportunity created by the legislature for the forty-five-day extension to apply. *Stephens* construed a version of OCGA § 1-3-1 (d) (3) which has been changed. As a result of the change, the period was extended to Monday. *Sanders v. Allstate Ins. Co.*, 207 Ga. App. 461 (428 SE2d 575) (1993); *Loveless v. Grooms*, 180 Ga. App. 424 (349 SE2d 281) (1986). The affidavit was filed on June 15, 43 days before the 45-day extension ran and thus well within it, if it applied.

Plaintiffs' counsel explained that he did not have the affidavit in hand on June 10, which was true. Defendants suggested that he should have relied on *Brown v. Middle Ga. Hosp.*, 211 Ga. App. 884 (440 SE2d 687) (1994), cert. denied March 25, 1994, as authority for the filing of a facsimile copy, but that would not have authorized it. Even assuming counsel had ready means to obtain a facsimile copy, the authority of *Sisk*, supra, cert. denied June 23, 1995, with which three members of the Court disagreed, was not published until nine months later.

Plaintiffs alleged that "an expert affidavit concerning the Defendant Doctors could not be prepared for filing with the complaint." The statute simply uses the word "prepared," but the obvious meaning includes its physical presence for filing in a legally acceptable form because its absence is the very reason for the statutory extension. It is true that the affidavit was signed in New York on Thursday, June 9, the day before the complaint was filed. But plaintiffs' attorney did not have it physically for filing. Dismissal is not warranted because counsel was not prescient about this Court's future ruling in *Sisk* with respect to facsimiles, and either was unwilling to rely on overnight mail or merely believed it was unnecessary because of the availability of the 45-day extension.

Plaintiffs showed that counsel did not seek to invoke the 45-day legislatively created extension in bad faith; if such were the case, defendants would surely be entitled to dismissal. Instead, the absence of the affidavit was explained, the truth was that counsel did not have it physically but expected it shortly, and it was in fact filed a few days thereafter. Counsel even served it on defendants by mail, on June 14, so that he could certify service when the affidavit was filed as an amendment to the complaint. See OCGA § 9-11-5 (b). Apparently they received the affidavit even before they were served with process.

The trial court turned the statute on its head by faulting plaintiffs for filing the complaint a few days before the affidavit was in hand so as to assure adherence to the statute of limitation. It found that "Plaintiffs could have filed Dr. Gevirtz's affidavit contemporane-

ously with the Complaint by waiting until June 13, 1994 to file the Complaint." Such hindsight departs from the objective consideration which must be given in determining whether the two factors exist which authorize plaintiff to invoke the privilege of the statutory extension. The provision merely calls for a good faith explanation for the absence of the affidavit, not the "good cause" which is necessary to obtain a judicially authorized *further* extension. The court gave as additional reason for the non-applicability of the extension the fact that counsel had the medical records of the deceased "fourteen months prior to the running of the statute of limitations." While this would have shown an absence of "good cause" to grant a further extension, it was not an incursion on the good faith resort to the 45-day extension.

This record does not show any untruth, subterfuge, lack of good faith, significant delay if any, resort to the extension for the purpose of delaying the case, or prejudice to defendants. The only consequence of the affidavit being filed five days after the complaint and two days after the statute of limitation expired is that defendants had thirty days after the filing of the affidavit to file their answers. OCGA § 9-11-9.1 (c). Since the record does not contain the returns of service, this extension may have been moot, since defendants would also have 30 days from the date of service, which may have been later. OCGA § 9-11-12 (a).

Thus, summary judgment, which if correct should have been dismissal instead, see *Druckman v. Ethridge*, 198 Ga. App. 321 (1) (401 SE2d 336) (1991), was in error.

ANDREWS, Judge, dissenting.

I respectfully dissent because the majority's pro forma construction of OCGA § 9-11-9.1 (b) renders its provisions meaningless. Subsection (b) excuses the contemporaneous filing requirement when "the period of limitation will expire within ten days of the date of filing and, because of such time constraints, the plaintiff has alleged that an affidavit of an expert could not be prepared." After a hearing, the trial court made undisputed factual findings that (1) plaintiffs' lawyers obtained the medical records in this case 14 months before the statute of limitation expired; (2) plaintiffs' expert executed his affidavit on June 9, 1994, the day before the complaint was filed; and (3) the affidavit could have been filed with the complaint had it been returned by overnight mail or facsimile or had counsel waited until June 13 to file the complaint.[1] The court therefore concluded that

---

[1] The trial court's factual findings are undisputed. It is also undisputed that the statute of limitation did not technically expire until Monday, June 13 because Paul Worth expired on June 11, 1992 and June 11, 1994, two years from that date, fell on a Saturday. OCGA

plaintiffs' alleged inability to obtain the affidavit in time to file it with the complaint was not caused by a time constraint due to the impending expiration of the statute of limitation.

Although OCGA § 9-11-9.1 (b) mandates a 45-day extension to file the affidavit when the statutory requisites are met, I reject the premise that those requisites may be satisfied through deceit. The record clearly shows that time constraints did not prevent the affidavit from being filed with the complaint. Counsels' statement to the contrary violates their duty as attorneys practicing in this State to employ "such means only as are consistent with truth." OCGA § 15-19-4 (2). I decline to join the majority in condoning this unethical breach of duty by officers of the court. *Tingle v. Arnold, Cate & Allen*, 129 Ga. App. 134, 137 (3) (199 SE2d 260) (1973).

This is simply another example of this Court's refusal to apply OCGA § 9-11-9.1 as framed by our legislature. See *Sisk v. Patel*, 217 Ga. App. 156, 165 (456 SE2d 718) (1995) (Andrews, J., dissenting).

I am authorized to state that Presiding Judge Birdsong and Judge Johnson join in this dissent.

DECIDED DECEMBER 5, 1995 —
RECONSIDERATION DENIED DECEMBER 20, 1995.

*Hallman & Stewart, Ronald W. Hallman, Berrien L. Sutton, C. Edwin Rozier*, for appellants.

*Tillman, McTier, Coleman, Talley, Newbern & Kurrie, Wade H. Coleman, Edward F. Preston, Dillard, Bower & East, Terry A. Dillard, Fendig, McLemore, Taylor, Whitworth & Durham, Philip R. Taylor, Brennan & Wasden, Wiley A. Wasden III, James V. Painter, W. Grady Pedrick*, for appellees.

§§ 9-3-71; 9-11-6 (a); *Sanders v. Allstate Ins. Co.*, 207 Ga. App. 461 (1) (428 SE2d 575) (1993).