A01A1038. MEMORIAL HOSPITAL OF ADEL, INC. v. DUNN et al.
A01A1039. STONE v. DUNN et al.
A01A1040. TYSON v. DUNN et al.
(554 SE2d 548)

POPE, Presiding Judge.

On June 22, 2000, plaintiffs Alison and Randy Dunn filed medical malpractice and loss of consortium actions against defendants Memorial Hospital of Adel, Inc., A. J. Stone, CRNA, and Rodney D. Tyson, M.D. (hereinafter defendants) alleging that Alison Dunn was injured by the improper placement of equipment used in the administration of anesthesia during surgery performed at Memorial Hospital on June 22, 1998. Plaintiffs did not file an expert affidavit with their complaint as required by OCGA § 9-11-9.1, but instead invoked the provisions of subsection (b) of that Code section. Under that section, a plaintiff who files a professional negligence action within ten days of the running of the statute of limitation has an additional forty-five days to file the required affidavit.

Plaintiffs did not file the affidavit within 45 days, but instead, several days before the expiration of the 45 days on August 4, 2000, filed a request for an additional 45 days to file the affidavit. In their motion for extension, plaintiffs stated they had been unable to procure the affidavit because Alison Dunn's treating physician had notified plaintiffs on August 2, 2000, that he was no longer willing to execute the expert affidavit. On August 28, 2000, defendants filed a response to plaintiffs' motion for extension of time, opposing plaintiffs' request for an additional 45 days to procure an expert's affidavit, but agreeing to give plaintiffs an additional 30 days. Plaintiffs, however, did not file their affidavit until October 6, 2000. On October 11, 2000, defendants filed a supplemental brief contending that the time should not be extended to allow the filing of the affidavit on October 6. Following a hearing, the trial court found that good cause existed and justice required extending the time for filing the affidavit until October 6, 2000, but certified its order for immediate review. This court granted defendants' applications for interlocutory appeal, and we have consolidated their appeals for review.

OCGA § 9-11-9.1 (b) provides that after the expiration of the original 45-day extension period, "[t]he trial court may, on motion, after hearing and for good cause extend such time as it shall determine justice requires." Citing *Dixon v. Barnes*, 214 Ga. App. 7, 10 (2)

(446 SE2d 774) (1994),[1] defendants argue that in this case the trial court abused its discretion by granting plaintiffs' motion for extension of time to file their expert affidavit because plaintiffs failed to show "good cause" as required by that Code section. But we find that *Dixon* is distinguishable and does not control here.

In *Dixon*, plaintiff's treating physician notified plaintiff before the complaint was filed that he would not execute the affidavit, and plaintiff "failed to produce any evidence showing a reasonable effort was made to obtain the expert affidavit after the complaint was filed." Id. at 10-11 (2). However, in this case the trial court considered that plaintiffs' treating physician had given assurances for over a year that he would execute the affidavit, that he continued to give those assurances *during* the 45-day extension period until less than a week remained before the extension period expired, and that plaintiffs' counsel had worked with the doctor's staff to obtain the affidavit during that period.[2] Plaintiffs filed their motion to extend within two days of learning that the treating physician would not execute the affidavit and then located another expert and procured and filed his affidavit on October 6, 2000. In reviewing a trial court's decision concerning the grant or denial of an extension of time to file an expert's affidavit,

> [w]e will not substitute our judgment for that of the trial court when there is no obvious or apparent abuse of discretion by the court in what clearly is a matter of discretion. Where the trial court hears evidence, considers briefs and arguments and thereafter in the exercise of its discretion renders a judgment on a motion, in the absence of legal error, the sole question for determination is whether there is any evidence to authorize and support that exercise of discretion.

(Citations and punctuation omitted.) *Archie v. Scott*, 190 Ga. App. 145, 147 (3) (378 SE2d 182) (1989). Under the facts here, we cannot say that the trial court abused its discretion by finding good cause and determining that justice required extending the time for plaintiffs to file an expert affidavit pursuant to OCGA § 9-11-9.1.

*Judgments affirmed. Blackburn, C. J., and Mikell, J., concur.*

---

[1] Division 1 of *Dixon* was overruled by implication in *Labovitz v. Hopkinson*, 271 Ga. 330, 333 (2) (519 SE2d 672) (1999). *Peterson v. Columbus Med. Center Foundation*, 243 Ga. App. 749, 752 (1) (a) (533 SE2d 749) (2000).

[2] Although plaintiffs' brief on appeal is replete with details concerning the circumstances surrounding the delay in filing the affidavit, we consider only what is in the record and transcript certified from the lower court.

DECIDED AUGUST 28, 2001.

*Hall, Booth, Smith & Slover, Anthony A. Rowell, Thomas M. Burke, Jr.,* for appellants.
*Pauline C. Council,* for appellees.