46474. ST. JOSEPH'S HOSPITAL, INC. v. NEASE et al.
46477. BUELVAS et al. v. NEASE et al.
(377 SE2d 847)

GREGORY, Justice.

The issue in this case is whether the failure to attach a supporting affidavit to the complaint in a professional malpractice action is an amendable defect under Rule 15 (a) of the Civil Practice Act. We hold that under the circumstances of this case, it is.

In November 1982, the appellees, the Neases, filed a medical malpractice action in Chatham State Court against the appellants Dr. Buelvas, Orthopedic Center, P.C., and St. Joseph's Hospital, Inc. In June 1987, the Neases dismissed this action without prejudice and refiled in Chatham Superior Court. After appellants moved for summary judgment, the Neases submitted an affidavit from a medical expert. The Neases then dismissed the action again.

The Neases filed the present action in November 1987. The appellants filed motions to dismiss on the grounds that the Neases failed to comply with OCGA § 9-11-9.1. The Neases then amended their complaint and attached the affidavit they had filed in the second case to support their opposition to summary judgment.

The trial court denied the appellants' motions to dismiss and on October 17, 1988 the Court of Appeals affirmed. *St. Joseph's Hosp. v. Nease*, 189 Ga. App. 239 (375 SE2d 241) (1988). We granted certiorari on January 9, 1989.

The appellants argue, first, that the failure to file an affidavit at the time of filing suit for professional malpractice is a nonamendable defect and, second, that the documents filed in this case were insufficient.

1 (a) Section 9-11-9.1 says that:

(a) In any action for damages alleging professional malpractice, the plaintiff shall be required to file with the complaint

an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim.

(b) The contemporaneous filing requirement of subsection (a) of this Code section shall not apply to any case in which the period of limitation will expire within ten days of the date of filing and, because of such time constraints, the plaintiff has alleged that an affidavit of an expert could not be prepared. In such cases, the plaintiff shall have 45 days after the filing of the complaint to supplement the pleadings with the affidavit. . . .

Appellants argue that because subsection (b) is the exclusive exception to the filing requirement in subsection 9-11-9.1 (a), the Neases could not amend their complaint under the general amendment statute, OCGA § 9-11-15 (a). We disagree.

OCGA § 9-11-9.1 (b) allows a plaintiff in a professional malpractice action to supplement the complaint with a supporting affidavit when "the period of limitation will expire within ten days of the date of filing and, because of such time constraints, the plaintiff has alleged that an affidavit of an expert could not be prepared." The language of this subsection shows a clear legislative intent to give a plaintiff extra time to secure an affidavit when the statute of limitation is about to expire.[1]

(b) The filing requirement of subsection 9-11-9.1 (a) protects professionals from having to defend lawsuits unless they are supported by an expert competent to testify. The real issue in the present case is: If the plaintiff has the affidavit but fails to file it with the complaint, may the plaintiff later amend and file the affidavit under Rule 15?

In this case the appellants had already seen the affidavit when it was filed in opposition to a summary judgment motion in a prior lawsuit involving the same parties. The present suit was filed in November 1987; the doctor's affidavit was obtained in September 1987. There is no doubt that the Neases had obtained the affidavit before filing suit. They simply neglected to file it with their complaint.[2]

---

[1] Subsection 9-11-9.1 (b) gives the plaintiff extra time "to *supplement* the pleadings with the affidavit." (Emphasis supplied.) Under Rule 15 (d) a party can supplement pleadings to include transactions or occurences or events which have happened since the date of the pleading. Because the plaintiffs in this case already had the affidavit when they filed the complaint, the issue is whether the plaintiffs had the right to amend their pleadings under 15 (a), not whether they could supplement their pleadings under 15 (d).

[2] We note that long before passage of the CPA if there was "enough in the pleadings to

Under the statute, failure to obtain the affidavit might be a fatal defect. Failure to file it with the complaint is an amendable defect because "Is not the chief object of amendment the correction of mistakes?" *Ellison v. Georgia R. Co.*, 87 Ga. 691, 718 (13 SE 809) (1891).[3]

2. The appellants also argued that the affidavit was insufficient. We agree with the Court of Appeals that because this issue was not raised in the trial court, it presents nothing for appellate review.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 6, 1989.

*Bouhan, Williams & Levy, Wiley A. Wasden III, Thomas A. Withers*, for appellants.

*Joseph B. Bergen, Frederick S. Bergen*, for appellees.

---

amend by," a plaintiff could amend for failure to file an abstract of the plaintiff's title with a declaration for land, *Camp v. Smith*, 61 Ga. 449, 451 (1878), and a plaintiff could amend for failure to file a copy of a promissory note with a declaration on the note. *Merritt v. Bagwell*, 70 Ga. 578, 580 (1883).

[3] In *Glaser v. Meck*, 258 Ga. 468 (369 SE2d 912) (1988), we held that a defendant must assert in the first responsive pleading the plaintiff's failure to file the affidavit. In *Patterson v. Douglas Women's Center*, 258 Ga. 803 (374 SE2d 737) (1989), we reversed the trial court's holding that the failure to attach the affidavit rendered the action void and incapable of renewal under OCGA § 9-2-61 (a).

On March 13, 1989, the General Assembly passed Senate Bill 329. The bill adds two new subsections to section 9-11-9.1. The new subsection (e) states that if the defendant raises in its initial responsive pleading the plaintiff's failure to file the affidavit, then the complaint is subject to dismissal and cannot be cured by amendment under Rule 15 *unless* a court determines that the plaintiff had the requisite affidavit available prior to filing the complaint and the failure to file the affidavit was the result of a mistake.

The new subsection (f) states that if the defendant raises in its initial responsive pleading the plaintiff's failure to file the affidavit, then the complaint is not subject to the renewal provisions of OCGA § 9-2-61 after the expiration of the applicable period of limitation, *unless* a court determines that the plaintiff had the requisite affidavit available prior to filing the complaint and the failure to file the affidavit was the result of a mistake.

These new subsections are consistent with our decisions in *Glaser, Patterson*, and the present case. Here, the plaintiffs may amend under Rule 15 because they had the requisite affidavit prior to filing the complaint and the failure to file the affidavit was the result of a mistake.