A89A1355. REID et al. v. BRAZIL et al.

(387 SE2d 1)

DEEN, Presiding Judge.

Odis Brazil underwent what he contends was an unnecessary surgical hernia repair on September 25, 1985. On September 14, 1987, he and his wife commenced a medical malpractice action against the appellants, Dr. William Reid and The Georgia Surgery Clinic. In the complaint, the Brazils indicated that an expert's affidavit would be filed within 45 days. The expert affidavit was actually filed on October 30, 1987, the 46th day after filing of the complaint. The appellants moved to dismiss the complaint on the basis of the late filing, but before that motion could be ruled on, the Brazils voluntarily dismissed the complaint without prejudice.

The Brazils refiled their complaint on February 29, 1988, after the limitation period had run but within the 6-month period for refiling authorized by OCGA § 9-2-61 (a). Contemporaneously with the filing of the complaint, the Brazils filed an expert's affidavit, which contained identical averments to the previous affidavit; however, the last page of the affidavit bearing the affiant's signature, the date of execution, and the oath and signature of the notary public, was stamped as filed on March 1, 1988 (possibly because it had gotten detached from the remainder of the affidavit, or possibly because the Brazils filed it one day late). The appellants moved for summary judgment on the basis of untimely filing of an expert's affidavit, but the trial court denied the motion, finding that only the last page of the affidavit was filed late and that filing of the last page one day late

sufficed to amend the defect. This appeal followed. *Held*:

1. Failure to file an expert's affidavit with a complaint for professional malpractice, as required by OCGA § 9-11-9.1, is an amendable defect, at least where the plaintiff has obtained the affidavit prior to filing the complaint and the failure to file the affidavit was the result of a mistake. *St. Joseph's Hosp. v. Nease*, 259 Ga. App. 153 (377 SE2d 847) (1989). That is the case here. Amendments to the pleadings may be filed at any time before entry of a pretrial order without permission of the court. OCGA § 9-11-15 (a); *Newbern v. Chapman Funeral Chapel*, 158 Ga. App. 790 (282 SE2d 379) (1981). In the instant case, if the trial court chose to consider the filing of the last page of the expert's affidavit as an amendment to the pleadings, so as to do "substantial justice," we find no error. OCGA § 9-11-8 (f).

2. The appellants also contend that the present renewal action was barred by the statute of limitation, because the appellees' failure in the original action to file the expert's affidavit either contemporaneously with the filing of the complaint or within the 45-day grace period rendered the original action void *ab initio*. However, the Supreme Court has recently held that failure to file an expert's affidavit contemporaneously with the complaint does not render a complaint void *ab initio*. *Patterson v. Douglas Women's Center*, 258 Ga. 803 (374 SE2d 737) (1989). See also *Glaser v. Meck*, 258 Ga. 468 (369 SE2d 912) (1988). We conclude likewise, with regard to the failure to file within the 45-day grace period.

3. The appellees' motion to dismiss the appeal is denied.
*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED SEPTEMBER 5, 1989 —
REHEARING DENIED SEPTEMBER 25, 1989 —

*Long, Weinberg, Ansley & Wheeler, Robert G. Tanner, Stephen H. Sparwath*, for appellants.
*Arrington & Hollowell, Carlton R. Stewart*, for appellees.