A90A1541. HILL-EVERETT v. JONES.
(399 SE2d 739)

McMURRAY, Presiding Judge.

Plaintiff brought this dental malpractice suit against Dr. J. Tyron Jones and Dr. Arva Lumpkin. She alleged Dr. Jones was negligent in failing to diagnose and treat her gum disease; that Dr. Lumpkin was negligent in cutting her cheek during the performance of a dental procedure known as subgingival scaling; and that Dr. Jones was liable for Dr. Lumpkin's negligence pursuant to the doctrine of respondeat superior.

The complaint was accompanied by the "affidavits" of Dr. Louis Freedman and Dr. R. Terrell Weitman. A jurat was not affixed to either "affidavit." Dr. Freedman and Dr. Weitman asserted that they were licensed dentists and practiced dentistry in Georgia for over 20 years. They also asserted: "The standard of care required is that a dentist should exercise such degree of care and control over any dental instrument which he or she is using so as not to cut his patient. Based on my examination of this patient and the history of this patient, in this particular case, the handling of the dental instrument was negligent and below the standard of care."

Plaintiff filed her own affidavit along with the complaint. She testified that Dr. Jones was her dentist for over three years; that on May 2, 1987, she contacted Dr. Jones' office because she noticed a knot on her gums; that she was advised that Dr. Jones could not see her because he was too busy but that she could be seen by Dr. Lumpkin "at the same office location"; that she did not intend to change dentists "and had no reason to believe that [she] was doing so"; and that she believed that by seeing Dr. Lumpkin, she would be "continuing in Dr. Jones' dental care."

Defendants answered the complaint, asserting, inter alia, the complaint should be dismissed because plaintiff failed to comply with OCGA § 9-11-9.1. Thereafter, defendants moved for summary judg-

ment. In support of their motion for summary judgment, defendants submitted the affidavit of Dr. Lumpkin. She testified that she had an office sharing arrangement with Dr. Jones; that she was not a partner or employee of Dr. Jones; that she was merely an independent contractor and made no representation otherwise; that she paid a fee to Dr. Jones for rent, supplies, equipment, personnel services and laboratory work; that she used her own letterhead and prescription pad; that she and Dr. Jones had separate patients and dental practices; and that she and Dr. Jones occasionally "covered" for each other's patients as a professional courtesy.

The trial court granted Dr. Jones' summary judgment motion and denied Dr. Lumpkin's summary judgment motion. Plaintiff appeals. *Held*:

1. OCGA § 9-11-9.1 requires the plaintiff to file with the complaint an expert affidavit setting forth at least one specific act of negligence or omission which constitutes the claim of alleged negligence amounting to malpractice. Plaintiff failed to submit such an affidavit in the case sub judice. We need look no further than the face of the documents submitted by plaintiff to reach this conclusion because neither document bears a jurat. In the absence of valid jurats, the documents cannot be deemed affidavits. *D'Zesati v. Poole*, 174 Ga. App. 142 (329 SE2d 280). It follows that the trial court did not err in granting Dr. Jones' motion for summary judgment. *Frazier v. Merritt*, 190 Ga. App. 832 (2) (380 SE2d 495); *Barr v. Johnson*, 189 Ga. App. 136 (375 SE2d 51).

2. Plaintiff argues the trial court erred in granting Dr. Jones' motion for summary judgment because it was not necessary to submit an expert's affidavit to allege "simple negligence" against Dr. Lumpkin. See *Razete v. Preferred Research*, 197 Ga. App. 69 (397 SE2d 489) (1990). Assuming, arguendo, plaintiff did not have to submit an expert's affidavit with the complaint to set forth a simple negligence claim against Dr. Lumpkin (but see *Barr v. Johnson*, 189 Ga. App. 136, supra), nevertheless, the trial court did not err in granting Dr. Jones' summary judgment motion.

Plaintiff's allegation that Dr. Jones was liable vicariously for the acts of Dr. Lumpkin was effectively pierced by the affidavit of Dr. Lumpkin who testified that she was not an agent of Dr. Jones. *Georgia Mut. Ins. Co. v. Mims*, 187 Ga. App. 783 (1) (371 SE2d 426). In light of Dr. Lumpkin's affidavit, it was incumbent upon plaintiff to present evidence showing a genuine issue for trial with regard to the agency allegations. OCGA § 9-11-56 (e). Plaintiff failed to do so.

3. The motion to assess damages for a frivolous appeal is denied.

*Judgment affirmed. Carley, C. J., and Sognier, J., concur.*

DECIDED DECEMBER 4, 1990.

Linda H. Everett, pro se.
Webb, Carlock, Copeland, Semler & Stair, Paul R. Vancil, Douglas W. Smith, for appellee.