A92A0364. WALDROUP et al. v. GREENE COUNTY HOSPITAL AUTHORITY et al.
(419 SE2d 36)

POPE, Judge.

Appellants/plaintiffs appeal from the trial court's dismissal of their complaint. On May 4, 1990, Jerry Waldroup, through his guardian Kathy Waldroup, and Kathy Waldroup individually filed a complaint setting forth claims for personal injury and loss of consortium against the Greene County Hospital Authority d/b/a Minnie G. Boswell Memorial Hospital (the "hospital"), Dr. James E. Southerland and Nurse Stembridge. In the complaint, the plaintiffs assert that on May 5, 1988, Jerry Waldroup went to the hospital emergency room complaining of severe headache, nausea and vomiting. Dr. Southerland was on call in the emergency room that day but was seeing patients at his office when Waldroup arrived at the hospital. Nurse Stembridge notified Dr. Southerland of Waldroup's condition but the doctor did not go to the emergency room to examine Waldroup immediately. Instead, he prescribed a pain killer and antinausea medication for Waldroup. Approximately four hours later, Dr. Southerland examined Waldroup at the hospital and suspected Waldroup was suffering from subarachnoid hemorrhage. He then referred Waldroup to Athens Regional Medical Center for further treatment. The doctors at Athens Regional Medical Center diagnosed Waldroup as suffering from subarachnoid hemorrhaging and performed emergency

neurosurgical procedures on Waldroup but he lapsed into a coma and subsequently died. In the complaint plaintiffs claim that if emergency medical personnel at the hospital, Dr. Southerland and Nurse Stembridge, had rendered Waldroup adequate medical care, his neurological outcome would have been different.

The plaintiffs invoked the application of OCGA § 9-11-9.1 (b) by further alleging in the complaint, which was filed on May 4, 1991, that the statute of limitation would expire within ten days of the date of the filing of the complaint and due to the time restraints an expert's affidavit could not be prepared. OCGA § 9-11-9.1 (b) provides: "The contemporaneous filing requirement of subsection (a) of this Code section shall not apply to any case in which the period of limitation will expire within ten days of the date of filing and, because of such time constraints, the plaintiff has alleged that an affidavit of an expert could not be prepared. In such cases, the plaintiff shall have 45 days after the filing of the complaint to supplement the pleadings with the affidavit. The trial court may, on motion, after hearing and for good cause extend such time as it shall determine justice requires." On the forty-fifth day after the complaint was filed, plaintiffs filed the affidavit of a nurse, a facsimile copy of an affidavit prepared for Dr. Sargent, an emergency room physician, and a motion seeking a one-day extension of time to file the original of Dr. Sargent's affidavit. On July 2, 1990, the trial court held a hearing on plaintiffs' motion to extend time to file the requisite affidavit. The trial court denied the plaintiffs' motion and dismissed their complaint. Plaintiffs appeal from the dismissal of their complaint.

1. Plaintiffs argue that the trial court misunderstood the operative facts and erred in dismissing their complaint against Nurse Stembridge and the hospital because plaintiffs in fact timely filed the original affidavit of Nurse Carolyn O'Neill before the 45-day grace period expired. A review of the trial court's order reflects that the trial court erroneously thought all the requisite expert affidavits were filed outside the 45-day grace period. However, a judgment that is right for any reason must be affirmed. *Bailey v. Hall,* 199 Ga. App. 602, 606 (405 SE2d 579) (1991). Because we conclude the plaintiffs failed to comply with the dictates of OCGA § 9-11-9.1 when filing their claim for malpractice against the nurse and hospital, we affirm that portion of the trial court's order. The O'Neill affidavit is clearly insufficient on its face. Cf. *Thompson v. Long,* 201 Ga. App. 480 (411 SE2d 322) (1991) (affidavit was not clearly insufficient on its face and because defendants did not raise the sufficiency of the affidavit at the trial court level, we held that issue presented nothing for appellate review). "A signed statement of facts, purporting to be the statement of the signer, followed by the certificate of an officer, authorized to administer oaths that it was sworn to and subscribed before him, is a lawful

affidavit." *Phoenix Air Conditioning Co. v. Al-Carol, Inc.*, 129 Ga. App. 386, 387 (199 SE2d 556) (1973). The purported affidavit of Carolyn O'Neill contains only one sentence which states "[t]his is an affidavit form for use in the litigation involving Jerry Waldroup." Below that sentence is the affiant's name and signature and the jurat. Attached to that form is a letter written by O'Neill to plaintiffs' counsel, which is clearly not a sworn statement. The affidavit form does not reference or incorporate the letter. The affidavit is fatally defective on its face. As the Georgia Supreme Court noted in *Cheeley v. Henderson,* 261 Ga. 498, 501 (405 SE2d 865) (1991), when an affidavit is fatally defective, the appellate court should address the issue and dispose of the issue on its merits in the interest of judicial economy and for the benefit of all parties involved. Accordingly, even though the trial court may have been confused about certain of the facts concerning the filing of the requisite affidavits, because the affidavit of Carolyn O'Neill was fatally defective we will not hold that the trial court erred by dismissing plaintiffs' claims against Nurse Stembridge and the hospital.

2. Plaintiffs also contend that the trial court erred in dismissing their claims against Dr. Southerland. Plaintiffs argue it was error to dismiss their claims against the doctor because the original notorized report of their expert Dr. Sargent and a facsimile copy of his existing affidavit were timely filed. Although the statute contemplates that the original affidavit of the expert should be filed, our decision in *Gooden v. Ga. Baptist &c.*, 198 Ga. App. 407 (1) (401 SE2d 602) (1991) does not prohibit trial courts when justice so requires from considering facsimiles of affidavits that are available during the statutory period. See *Emory Clinic v. Wyatt,* 200 Ga. App. 184 (3) (407 SE2d 135) (1991); *Reid v. Brazil,* 193 Ga. App. 1 (2) (387 SE2d 1) (1989) (holding failure to file the requisite affidavit within the statutory grace period does not render the complaint void ab initio). Because the record supports the plaintiffs' contention that the Sargent affidavit was available during the statutory grace period, the Georgia Supreme Court's decision in *St. Joseph's Hosp. v. Nease,* 259 Ga. 153 (1) (b) (377 SE2d 847) (1989) requires that plaintiffs be allowed to amend their complaint.[1] This case is remanded to the trial court to reinstate the claims of the plaintiffs' complaint against Dr. Southerland.

*Judgment affirmed in part, reversed in part and remanded with directions. Carley, P. J., and Johnson, J., concur.*

---

[1] We note that our decision in this case is not inconsistent with our prior decision in *Brake v. Mintz,* 193 Ga. App. 662 (388 SE2d 715) (1989). As a general rule, trial courts have wide discretion to determine if the plaintiff has shown good cause why the statutory grace period should be extended and this court will not substitute its judgment for that of the trial court absent a showing of manifest abuse of discretion.

## On Motion for Reconsideration.

On motion for reconsideration, defendant Southerland argues that the affidavit of Dr. Sargent was insufficient on its face to comply with the dictates of OCGA § 9-11-9.1 and for that reason the trial court correctly dismissed plaintiffs' claims against defendant Southerland. Unlike the affidavit prepared by Nurse Carolyn O'Neill, the affidavit prepared by Dr. Sargent references the report he prepared for plaintiffs' counsel. That affidavit also incorporates by reference at least one statement contained in the report. The statement incorporated in the affidavit is as follows: "In summary, the evaluation performed by Dr. S[o]utherland at the Boswell Memorial Hospital was serious substandard, and resulted in a significant delay in the diagnosis of subarachnoid hemorrhage and a delay in the diagnosis and treatment of Mr. Waldroup's subarachnoid hemorrhage." We hold that statement is sufficient to meet the requirement of OCGA § 9-11-9.1 (a) of setting forth at least one negligent act or omission and the factual basis for the claim.

*Motion for reconsideration denied.*

DECIDED APRIL 24, 1992 —
RECONSIDERATION DENIED MAY 18, 1992.

*Kilpatrick & Cody, Matthew H. Patton, Caroline W. Spangenberg, Alan R. Perry, Jr., Craig E. Bertschi,* for appellants.

*Lokey & Bowden, Malcolm Smith, G. Melton Mobley, Blasingame, Burch, Garrard & Bryant, Gary G. Blasingame,* for appellees.