A94A0242. HARVEY et al. v. KIDNEY CENTER OF CENTRAL GEORGIA, INC. et al.
(444 SE2d 590)

BEASLEY, Presiding Judge.

Plaintiffs Harvey sued defendants for medical negligence in a dialysis procedure.[1] Collectively, defendants challenged the legal sufficiency of the affidavit, submitted pursuant to OCGA § 9-11-9.1, as to its form, timeliness, and substance. The trial court granted defendants' motions to dismiss the complaint for non-compliance with the statute. It did not specify the nature of the deficiency. A consideration of the factors of form and timeliness resolves the issue.

The complaint, which was filed on April 29, 1993, alleged that it was filed within ten days of the expiration of the limitation period and that plaintiffs were availing themselves of the forty-five day grace period in OCGA § 9-11-9.1 (b) in which to file a proper expert affidavit. The period ended on June 14. There was no motion or hearing to extend the time for good cause shown, as permitted by the statute.

On June 8, plaintiffs' attorney received by mail a signed writing from a registered nurse located in another city which was to serve as the statutory affidavit, but it lacked an executed jurat. On June 30, plaintiffs' counsel realized the lack of notarization as well as the lack of filing. That day he instructed his secretary to "notarize" the nurse's signature, even though the nurse was not present and neither the attorney nor the secretary/notary had witnessed the signing, and to mail it for filing. The document was filed with the court on July 1.

The Harveys contend that OCGA § 9-11-9.1 (e) entitled them to amend their complaint, pursuant to OCGA 9-11-15 (a), to add the affidavit because they had it "available" during the 45-day statutory grace period. Their reliance on *Reid v. Brazil*, 193 Ga. App. 1 (387 SE2d 1) (1989), for the proposition that a plaintiff can avail himself of amendment as provided in subsection (e) after utilizing the grace

---

[1] The suit also contains counts of negligent hiring and loss of consortium, but these causes are dependent on survival of the medical negligence claim.

period of subsection (b), does not aid them. Even if a plaintiff can properly do so, the Harveys did not have the requisite affidavit available because the document was not a valid affidavit.

"'A signed statement of facts, purporting to be the statement of the signer, followed by the *certificate of an officer, authorized to administer oaths that it was sworn to and subscribed before him, is a lawful affidavit.*' (Emphasis supplied.) *Phoenix Air Conditioning Co. v. Al-Carol*, 129 Ga. App. 386, 387 (199 SE2d 556) (1973). . . . ' "[I]n the absence of a valid jurat, a writing in the form of an affidavit has no force, no validity, amounts to nothing, when standing alone, or when construed in connection with" other evidence. [Cit.] To make a valid affidavit the affiant "must swear to it, and the fact of his swearing must be certified by a proper officer." [Cit.] "In order to make an affidavit there must be present the officer, the affiant, and the paper, and there must be something done which amounts to the administration of an oath." [Cit.]' [Cit.]" *D'Zesati v. Poole*, 174 Ga. App. 142, 143 (329 SE2d 280) (1985).

OCGA § 9-11-9.1 requires a plaintiff to file with the complaint for professional negligence a legally valid affidavit. See *Hill-Everett v. Jones*, 197 Ga. App. 872, 873 (1) (399 SE2d 739) (1990). In *St. Joseph's Hosp. v. Nease*, 259 Ga. 153 (377 SE2d 847) (1989), it was determined that the failure to attach a supporting affidavit to the complaint in a professional malpractice action was an amendable defect under Rule 15 (a) of our Civil Practice Act, but the legal validity of the document as an affidavit was not in question. Moreover, there was "no doubt that the Neases had obtained the affidavit before filing suit" and that "[t]hey simply neglected to file it with their complaint." *Nease* at 154 (1) (b).

As noted in *Nease*, "[u]nder the statute, failure to obtain the affidavit might be a fatal defect." Id. at 155 (1). This is justified because "a defendant can be harmed by a plaintiff's failure to follow the procedure set forth in OCGA § 9-11-9.1 (b)." *Brake v. Mintz*, 193 Ga. App. 662, 666 (388 SE2d 715) (1989). Here, the plaintiffs failed to obtain and file a proper affidavit on time.

The trial court did not err in dismissing the complaint for noncompliance with OCGA § 9-11-9.1.

*Judgment affirmed. Andrews and Johnson, JJ., concur.*

DECIDED MAY 10, 1994 —
RECONSIDERATION DENIED MAY 27, 1994 — 

*H. Michael Harvey, Christopher J. McFadden*, for appellants.
*Chambless, Higdon & Carson, Joseph H. Chambless, Emmitte H. Griggs, Jon C. Wolfe, Martin, Snow, Grant & Napier, John C.*

*Edwards, Lisa M. Edwards*, for appellees.

