A94A1929. SISK v. PATEL.
(456 SE2d 718)

JOHNSON, Judge.

On June 7, 1991, an x-ray of Sisk's chest was taken at a Veteran's Administration medical facility. Physician Patel interpreted it as

showing no abnormalities. Later examination of Sisk's chest revealed a mass that proved to be a squamous cell lesion; review of the June 7, 1991 x-ray suggested the mass was visible at that time.

Sisk filed a claim under the Federal Tort Claims Act, attaching an affidavit from Dr. Scheer as required. Uncertain over Patel's employment status, Sisk also sued him in superior court, alleging medical malpractice. Recognizing the need for an expert affidavit asserting malpractice to comply with OCGA § 9-11-9.1, Sisk requested Dr. Scheer to execute and supply another affidavit, identical in wording to the first.

The superior court complaint was filed on June 7, 1993, exactly two years after the x-ray in question. At that time, Sisk did not have an affidavit from Dr. Scheer in hand, but he had a facsimile copy of one and Dr. Scheer's assurance that the original would be forwarded. Rather than allege in his complaint that an affidavit "could not be prepared" under OCGA § 9-11-9.1 (b), which would have resulted in an automatic 45-day extension to file the affidavit,[1] Sisk filed his complaint with the facsimile of the affidavit, stating the necessary affidavit was attached. When Dr. Scheer's affidavit arrived at the office of Sisk's counsel the next day, it was not filed with the court but placed in a file in counsel's office.

Patel responded and contended that the complaint failed to comply with OCGA § 9-11-9.1. On March 21, 1994, Patel moved to dismiss for failure to state a claim, OCGA § 9-11-12 (b) (6), based upon the failure to submit an expert's affidavit. See OCGA § 9-11-9.1 (e). On March 28, without a response from Sisk being filed, the court granted dismissal, noting that the original affidavit had not been filed and that the record was devoid of any suggestion that its absence was due to a mistake. See OCGA § 9-11-9.1 (e). On April 1, 1994, Sisk moved to set aside the dismissal and included the affidavit of Sisk's counsel setting forth the reasons the original affidavit was not filed and including the original. The brief in support of the motion included a request that Sisk be permitted to amend his complaint to include the original affidavit. The motion was denied. The court noted that Sisk had not availed himself of the benefits of the procedure set forth in OCGA § 9-11-9.1 (b), designed to protect plaintiffs with difficulties such as his, nor had he moved the court for a determination under OCGA § 9-11-9.1 (e) that the affidavit was available when the complaint was filed and its absence was due to mistake.

Sisk filed his notice of appeal contending that there are two issues to be determined: whether the facsimile of the affidavit satisfies

---

[1] See *Emory Clinic v. Wyatt*, 200 Ga. App. 184 (1) (407 SE2d 135) (1991), disapproved on other grounds, *Dixon v. Barnes*, 214 Ga. App. 7, 9 (1) (446 SE2d 774) (1994).

the requirements of OCGA § 9-11-9.1, and if not, whether amendment should be permitted when the affidavit existed at the time of submission, as shown by the existence of a facsimile, even though the original was not in the plaintiff's possession.

The Supreme Court has held that "since § 9-11-9.1 establishes an ' "exception to the general liberality of pleading permitted under (the Civil Practice Act, OCGA § 9-11-1 et seq.)" [cit.],' [cit.], it should be construed in a manner consistent with the liberality of the Civil Practice Act where such construction does not detract from the purpose of § 9-11-9.1 'to reduce the number of frivolous malpractice suits being filed,' [cit.]." *Gadd v. Wilson & Co., Engineers &c.*, 262 Ga. 234, 235 (416 SE2d 285) (1992). There is no question that the purpose of OCGA § 9-11-9.1 is satisfied by the facsimile affidavit Sisk submitted; it is evidence that an expert deems the action to have factual merit, and Patel has made no challenge to the genuineness of the affidavit. "When viewed from this perspective, no question of frivolity could arise from absence of [an original]." *Gadd*, supra at 235. As the purpose of OCGA § 9-11-9.1 is not offended by the facts of this case, we are required by *Gadd* to construe the section liberally.

Sisk argues that the existence of a facsimile of the affidavit establishes its existence and shows it is "available," within the meaning and purpose of the statute. We agree. There can be no facsimile if there is no original. As an affidavit under OCGA § 9-11-9.1 must meet the more generous standards of a pleading requirement rather than those of an evidentiary requirement, *Bowen v. Adams*, 203 Ga. App. 123 (416 SE2d 102) (1992), it can be considered "available" within the meaning of OCGA § 9-11-9.1 (e) when it is in existence and acquirable by plaintiff, even though not physically in the plaintiff's possession, as here.

The Supreme Court recently declined to require letter-perfect compliance with procedural requirements in a medical malpractice case. In *Paulin v. Okehi*, 264 Ga. 604 (449 SE2d 291) (1994), uncertified copies of office and hospital records were attached to an affidavit submitted by plaintiffs' expert in response to a motion for summary judgment. The Court held that this defect was cured when the defendant doctor acknowledged the authenticity of the records at his deposition, which was subsequently filed with the challenged documents included as exhibits. "Under the[se] circumstances, those records should not be ignored for lack of certification. [Cit.] It is the policy of this Court whenever possible to seek 'substantial justice and judicial economy rather than strict compliance with procedural technicalities.' [Cit.]" *Paulin*, supra at 605.

We recognize that the affidavit at issue in *Paulin* was submitted in connection with a motion for summary judgment, and held to a stricter standard, than to satisfy the requirements of OCGA § 9-11-

9.1. "Unlike OCGA § 9-11-56, which imposes an evidentiary requirement in the context of summary judgment on the merits, OCGA § 9-11-9.1 merely imposes an initial pleading requirement on the plaintiff in a malpractice action. Accordingly, an expert affidavit which would be insufficient to satisfy the evidentiary standards of OCGA § 9-11-56 may nevertheless be sufficient to satisfy the pleading standards of OCGA § 9-11-9.1." (Citations, punctuation and emphasis omitted.) *Bowen*, supra at 123.

"With regard to whether a facsimile copy may be filed with the complaint, we turn to *Waldroup v. Greene County Hosp. Auth.*, 204 Ga. App. 256 (2) (419 SE2d 36) (1992) for guidance. In that case, we noted that '(a)lthough the statute contemplates that the original affidavit of the expert should be filed, our decision in *Gooden v. Ga. Baptist &c.*, 198 Ga. App. 407 (1) (401 SE2d 602) (1991) does not prohibit trial courts when justice so requires from considering facsimiles of affidavits that are available during the statutory period." *Brown v. Middle Ga. Hosp.*, 211 Ga. App. 884, 885 (1) (440 SE2d 687) (1994). We disagree with the final analysis in *Brown* which would require application of the renewal provisions of OCGA § 9-2-61 in those instances in which a facsimile was filed, rendering the filing of a facsimile an amendable defect. Under those provisions the original affidavit would have had to have been in the *physical* possession of counsel at the time of filing, and the facsimile filed as a result of a mistake.

Electronic transmission of printed material has become an accepted method of communication and an indispensable tool for conducting business. A facsimile clearly establishes that the document existed, and was available, albeit in a different form, during the statutory period. Courts should be open to technological development in order to facilitate substantial justice and judicial economy. The better approach should be to allow the filing of a facsimile of a properly executed affidavit with a complaint in a professional malpractice action so as to avoid the running of the statute of limitation. Then the original should be allowed to be filed as a supplemental pleading, without requiring the action to be "renewed."

Sisk filed the original affidavit with his motion to set aside the trial court's dismissal. At that point the trial court had both the facsimile, filed with the complaint, and the original. In the absence of any evidence of differences between the two, the court exalted form over substance in refusing to set aside the dismissal of his complaint.

The dissent argues that the legislature specified the requirements and procedures applicable to OCGA § 9-11-9.1 affidavits and we are precluded from taking judicial exception thereto. However, the history of OCGA § 9-11-9.1 in the appellate courts has shown beyond a reasonable doubt that it is only with great difficulty made workable in

the practical arena of litigation, and has largely failed to achieve its purpose of reducing frivolous litigation. Rather, it has created an added layer of motions regarding the sufficiency of affidavits preceding the motions for summary judgment on the merits. Rather than continuing to interpret and reconcile subsection after subsection added to the statute by the legislature in attempts to fix what is fundamentally broken, the better approach is to construe pleadings liberally to do substantial justice in accordance with OCGA § 9-11-8 (f).

*Judgment reversed. McMurray, P. J., Birdsong, P. J., Pope, P. J., Blackburn and Smith, JJ., concur. Beasley, C. J., Andrews and Ruffin, JJ., dissent.*

BEASLEY, Chief Judge, dissenting.

I respectfully dissent, as Sisk failed to follow the law.

The legislature set out a very precise and detailed procedure to be followed in such cases, and the majority largely sweeps it away. Whether it is too demanding, and whether it should accommodate facsimile copies, is not for the court to decide unless it violates due process, a claim not advanced. If the legislature has power to establish the procedure, a point which is not challenged, then the judicial branch must honor its requirements. It is no answer to say that the Civil Practice Act is to be construed liberally, according to its own provisions. See OCGA §§ 9-11-1; 9-11-8 (f).[2] OCGA § 9-11-9.1, too, is an act of the General Assembly, which has created within the Civil Practice Act the particularized requirements for professional malpractice affidavits.

The submission of a facsimile of an affidavit does not meet the requirements of OCGA § 9-11-9.1. It does not bear original signatures and thus it does not suffice to constitute an affidavit. See *Miller v. Caraker*, 9 Ga. App. 255, 256-257 (71 SE 9) (1911). Failure to file an *original* affidavit is a defect that "bear[s] directly on the determination of whether the requirements of OCGA § 9-11-9.1 were satisfied. . . ." *Gooden v. Ga. Baptist Hosp. &c.*, 198 Ga. App. 407, 408-409 (1) (401 SE2d 602) (1991) (photocopy insufficient; affidavit also defective for lack of referenced exhibits); see also *Hardman v. Knight*, 203 Ga. App. 519 (417 SE2d 338) (1992) (unsigned affidavit insufficient).

Sisk does not cite any decision holding that a facsimile or other reproduction of an original affidavit can satisfy the requirement that an affidavit be filed, or that a copy will suffice when an affidavit is

---

[2] This view goes back to a statement by this court in *Continental Invest. Corp. v. Cherry*, 124 Ga. App. 863, 865 (2) (186 SE2d 301) (1971), regarding claims of fraud under OCGA § 9-11-9 (b). At that time, the requirement for malpractice affidavits did not exist; it was enacted in 1987. Ga. L. 1987, p. 887, § 3.

required by law in other instances. He cannot rely on an understanding of the law unsupported by precedent. He argues instead that the purpose of OCGA § 9-11-9.1, to reduce the number of frivolous malpractice suits, see *Hewett v. Kalish*, 264 Ga. 183, 184 (1) (442 SE2d 233) (1994), is not advanced by requiring the original affidavit rather than a facsimile, and that once the expert has rendered his opinion as to the basis of the suit, the purpose of the statute is fulfilled and the affidavit is mere evidence of that fulfillment. He contends that to rule that a facsimile of an affidavit is insufficient would be to elevate the form of the requirement over its substance.

In *Brown v. Middle Ga. Hosp.*, 211 Ga. App. 884 (440 SE2d 687) (1994), we were similarly faced with the argument that a facsimile was sufficient or, if not, the failure to file the original was an amendable defect. We did not determine that a facsimile alone was satisfactory, but rather that it was defective and could only be considered for filing purposes if "the failure to file the proper affidavit in the first place constitutes an 'amendable defect.'" Id. at 885 (1). Sisk's arguments concerning the policy behind the statute and the ability of a facsimile to fulfill that policy have some compelling logic, especially in this age of instant facsimile transmission and often distant witnesses; the process of creating and agreeing upon an affidavit is doubtless facilitated by the technology, and securing the evidence of the expert's opinion would be more efficient if a facsimile could be submitted. However, the simple fact is that a facsimile, or any reproduction, is not an affidavit. "A signed statement of facts, purporting to be the statement of the signer, followed by the certificate of an officer, authorized to administer oaths that it was sworn to and subscribed before him, is a lawful affidavit." *Phoenix Air Conditioning Co. v. Al-Carol, Inc.*, 129 Ga. App. 386, 387 (199 SE2d 556) (1973). The only question then is whether the failure to file an original was an amendable defect.

Sisk argues that *Waldroup v. Greene County Hosp. Auth.*, 204 Ga. App. 256 (419 SE2d 36) (1992), requires that amendment of the affidavit be permitted. In that case, the plaintiff had invoked the protection of OCGA § 9-11-9.1 (b), which Sisk did not do. On the 45th day after filing the complaint, the plaintiff filed a facsimile of an expert's affidavit. Id. at 257 (1). Subsection (b) includes a provision that extensions of the 45-day period may be given "for good cause . . . [when] justice requires." That language is not in subsection (e), under which Sisk must travel. *Waldroup* determined that a subsection (b) extension should have been granted under the facts of that case, because the facsimile showed the original was available.

In *Brown*, supra, with facts similar to those in this case, we looked to *Waldroup* and concluded that *Waldroup* required that a facsimile of an original affidavit would be acceptable only if the origi-

nal filing could be amended. Whether Sisk is allowed to amend is controlled by OCGA § 9-11-9.1 (e), which states that a plaintiff who fails to file an affidavit cannot amend pursuant to OCGA § 9-11-15 "unless a court determines that the plaintiff had the requisite affidavit available prior to filing the complaint and the failure to file the affidavit was the result of a mistake."[3]

Sisk argues that the existence of a facsimile of the affidavit establishes the existence of the original and shows it is "available," within the meaning and purpose of the statute. There can be no facsimile if there is no original. As an affidavit under OCGA § 9-11-9.1 must meet the standards of a pleading requirement rather than those of an evidentiary requirement, *Bowen v. Adams*, 203 Ga. App. 123 (416 SE2d 102) (1992), it can be considered "available" within the meaning of OCGA § 9-11-9.1 (e) when it is in existence and acquirable by plaintiff, even though not physically in the plaintiff's possession, as here. He had, it may be said, constructive possession of it because it was in his control. This is evidenced by the fact that he soon received it.

*Waldroup*, supra, is clearly distinguishable because its resolution was governed by the less rigid subsection (b), however. Sisk must also satisfy the subsection (e) requirement that the failure to file the original was the result of a mistake, a requirement not found under the facts of *Waldroup*. Additionally, *Waldroup* does not control because the language Sisk wishes to rely upon concerning amendment rests upon *St. Joseph's Hosp. v. Nease*, 259 Ga. 153 (1) (b) (377 SE2d 847) (1989), which predates the addition of subsections (e) and (f) to OCGA § 9-11-9.1. Id. at 155, n. 3. The trial court pointed out that plaintiff never moved the court to determine that the failure to file the proper affidavit was the result of a mistake.

It is clear from the record and pleadings that the failure to file the original affidavit contemporaneously with the complaint was not due to any mistake but rather to the fact that it was not physically in plaintiff's possession when the complaint was filed.[4] The only mistake asserted by Sisk occurred *after* the required time had expired, when the original affidavit arrived and was placed in an office file. OCGA § 9-11-9.1 (e) prevents the defect from being cured by amendment when there is not a "mistake" within the sense intended by the statute. *Brown*, supra at 886 (1). This result is consistent with *Nease*, supra at 155, n. 3. Here there were legal mistakes as to the effect of a

---

[3] In order to invoke the operation of subsection (e), Patel was required to raise "the failure to file such an affidavit in [his] initial responsive pleading," which he did. Compare *Colston v. Fred's Pest Control*, 210 Ga. App. 362, 364 (436 SE2d 23) (1993).

[4] In *Gooden v. Ga. Baptist Hosp. &c.*, 198 Ga. App. 407, 409 (2) (401 SE2d 602) (1991), which involved application of the same language in subsection (f), there similarly was "no evidence in the record to indicate that the failure to file a satisfactory affidavit was the result of a mistake." The dismissal of the complaint on this and other grounds was affirmed.

facsimile and the procedure to be followed.

Although one might be inclined to construe the pleadings in this case to allow amendment so as to do substantial justice, satisfying both the policy behind OCGA § 9-11-9.1 and the language of OCGA § 9-11-8 (f),[5] we are constrained not only by the choices made by the legislature in crafting OCGA § 9-11-9.1 and by Sisk in pursuit of his case, but as an appellate court also by the trial court's ruling. Had Sisk invoked OCGA § 9-11-9.1 (b) when filing his complaint, no dismissal would have occurred. Even though he did not do so, had he attempted to amend his complaint to comply with subsection (b) within 45 days of filing, he may have been afforded that privilege. See *Thompson v. Long*, 201 Ga. App. 480, 481-482 (1) (411 SE2d 322) (1991). He did not file the original affidavit in court until over nine months after the complaint was filed and after defendant's motion to dismiss the complaint was granted.

Sisk expressly appealed from the March 28, 1994 dismissal of his complaint, by notice filed April 26, 1994. He did not appeal from the subsequent denial of his motion to set aside and amend. The enumeration of error and argument are confined to the acceptability and amendability of the facsimile affidavit. Therefore, the attempted amendment itself is an issue not properly before us. See *City of Atlanta v. Jackson*, 263 Ga. 426, 428 (6) (435 SE2d 212) (1993).

Moreover, the affidavit is ineffective. The original affidavit, filed with the VA, was sworn to and subscribed before a notary public by Dr. Scheer on June 3, 1993. Suit was filed, without an original affidavit, on June 7, 1993. It had attached a facsimile copy of an affidavit signed by Dr. Scheer on May 31 and by the notary (a different one) on June 7. Thus, on its face it does not appear that Dr. Scheer swore to and subscribed the affidavit before the notary. The original of this one was filed after the complaint was dismissed in March 1994. Even if its filing had been timely, it was invalid. " 'In order to make an affidavit there must be present the officer, the affiant, and the paper, and there must be something done which amounts to the administration of an oath.' " *Harvey v. Kidney Center of Central Ga.*, 213 Ga. App. 319, 320 (444 SE2d 590) (1994), and cases cited therein.

Although the existence of a valid affidavit at the time of filing the complaint satisfies the policy behind OCGA § 9-11-9.1, the legislature specified the requirements and procedures applicable to OCGA § 9-

---

[5] In *Waldroup*, supra at 258 (2), we noted that "our decision in *Gooden* . . . does not prohibit trial courts when justice so requires from considering facsimiles of affidavits that are available during the statutory period." This was carried forward in *Brown*, supra at 885 (1). *Gooden* involved an application of subsection (f) of the statute, which like subsection (e) applicable here, governs failure to file due to a mistake. Neither subsection *expressly* provides discretion to act "as justice requires," although subsection (b), not applicable here, does so.

11-9.1 affidavits and we are precluded from creating a judicial exception for the problems presented by plaintiff. The form, procedure, and permitted deviations are tightly controlled by the statute. The judiciary is given very limited fields of discretion in this matter in order to achieve the purpose of the statute equitably.

The majority suggests that a facsimile be allowed to avoid the statute of limitation with the later filing of the original permitted as a "supplementary pleading." OCGA § 9-11-9.1 (e) controls such amendments and requires that the failure to file the original was due to a mistake.

The majority also suggests that the submission of the facsimile itself should satisfy the filing requirement of OCGA § 9-11-9.1 (a), with the original being required only if the existence of the affidavit is challenged. This practical solution requires legislative loosening of the reins. There is no basis in the statute for accepting anything other than the original affidavit. As stated in *Barr v. Johnson*, 189 Ga. App. 136, 137 (375 SE2d 51) (1988), which also involved OCGA § 9-11-9.1, "[i]f the legislature sets forth a specific statutory means by which the plaintiff judicially enforces [his] cause of action, [h]e must follow that law, or [his] action is subject to dismissal. OCGA § 9-11-41 (b)."

In this instance, the legislature has established the method, in fact alternative methods, by which its purpose in requiring an affidavit is to be served. Plaintiffs, and the courts, can devise other and even arguably better methods. However, because they are not empowered to change the law prescribed by the legislature absent constitutional infirmity, they are bound to follow it. The liberality given pleading requirements of the Civil Practice Act (CPA) does not extend to the specific procedural requirements placed on malpractice actions by the legislature after adoption of the CPA. Nor does it apply to the prerequisites for a valid affidavit.

The principle in the majority opinion taken in quote from *Gadd v. Wilson & Co., Engineers &c.*, 262 Ga. 234, 235 (416 SE2d 285) (1992), related to the contents and substance of the affidavit, that is, the sufficiency of affiant's statements of fact, not the procedural requirements of the statute with respect to such affidavits. Also, as noted by the majority, *Paulin v. Okehi*, 264 Ga. 604 (449 SE2d 291) (1994), involves an affidavit submitted in opposition to a motion for summary judgment, which is not subject to the procedural filing requirements of OCGA § 9-11-9.1. What is more, neither of these cases dealt with a purported affidavit which lacked any of the essentials of a valid affidavit.

The law permitted Sisk's complaint to be dismissed, as it was. It cannot be concluded that the court erred as a matter of law in its application of OCGA § 9-11-9.1 (e).

I am authorized to state that Judge Andrews and Judge Ruffin

join in this dissent.

ANDREWS, Judge, dissenting.

I join Chief Judge Beasley's dissent and write separately simply to note that the criticism the majority directs toward the legislation is misplaced. OCGA § 9-11-9.1 is an uncomplicated statute made complicated only by the refusal of the appellate courts of this state to apply it as written.

DECIDED MARCH 17, 1995 —
RECONSIDERATION DENIED MARCH 31, 1995 — ▮▮▮▮▮▮▮

*Knight & Fisher, Ronald T. Knight, Joy H. Fisher, Davis, Gregory, Christy & Forehand, Hardy Gregory, Jr.,* for appellant.
*Watson, Spence, Lowe & Chambless, Thomas S. Chambless, Dawn G. Benson,* for appellee.