A95A0111. ROBERTS v. FAUST et al.
(459 SE2d 448)

POPE, Presiding Judge.

On January 29, 1992, plaintiffs Linda and Larry Faust sued defendant Dr. Michael Roberts for medical malpractice and loss of consortium. Plaintiffs did not file an expert's affidavit contemporaneously with their complaint as required by OCGA § 9-11-9.1 (a). But they did invoke OCGA § 9-11-9.1 (b) by alleging that the statute of limitation for their claims would expire within ten days, and that due to this time constraint an expert's affidavit could not be prepared. Consequently, plaintiffs automatically received a 45-day filing extension. See OCGA § 9-11-9.1 (b). The trial court granted two additional extensions to plaintiffs, thereby allowing them until May 13, 1992, to file their expert's affidavit. On that date, plaintiffs filed a facsimile of

an affidavit from Dr. Burman. Approximately two weeks later they filed Burman's original affidavit. Thereafter, defendant answered the complaint denying liability and asserted as a defense plaintiffs' failure to comply with the requirements of OCGA § 9-11-9.1. Defendant then filed a motion to dismiss the complaint. On appeal, he contends that the trial court erred in denying his motion. We disagree and affirm.

Defendant argues that the trial court improperly considered the facsimile of Burman's affidavit absent some showing that the original was in plaintiffs' physical possession before they filed the facsimile, and that plaintiffs' failure to file the original affidavit resulted from a mistake. We find no merit to this argument. Although OCGA § 9-11-9.1 contemplates that an original expert's affidavit should be filed, when justice so requires, trial courts may consider facsimiles of affidavits that are available during the statutory grace period found in OCGA § 9-11-9.1 (b). *Waldroup v. Greene County Hosp. Auth.*, 204 Ga. App. 256, 258 (2) (419 SE2d 36) (1992); see *Reid v. Brazil*, 193 Ga. App. 1, 2 (2) (387 SE2d 1) (1989).

Contrary to defendant's assertion otherwise, an original affidavit does not have to be in a plaintiff's physical possession in order for it to be considered "available" under our holding in *Waldroup*. Nor do we find in *Waldroup* or OCGA § 9-11-9.1 (b) any requirement that a plaintiff be able to demonstrate that the failure to file an original affidavit during the statutory grace period resulted from some mistake. Defendant's reliance on *Brown v. Middle Ga. Hosp.*, 211 Ga. App. 884 (440 SE2d 687) (1994) in support of these arguments is misplaced because *Brown* clearly is distinguishable from both *Waldroup* and the case at bar.

Unlike the plaintiffs in *Waldroup* and this case, the plaintiff in *Brown* did not invoke the application of OCGA § 9-11-9.1 (b). Thus, when he failed to contemporaneously file an original affidavit with his complaint and subsequently allowed the statute of limitation to expire, he was forced to meet the stringent renewal requirements of OCGA § 9-11-9.1 (f). Under that Code section, the plaintiff in *Brown* had to demonstrate that an original affidavit was available at the time he filed his complaint and that his failure to file the affidavit was the result of a mistake. Because *Brown* dealt specifically with the application of OCGA § 9-11-9.1 (f), it is not controlling here. Consequently, we reject defendant's contention that our holdings in *Waldroup* and *Brown* require a reversal of the trial court's decision in this case.

Moreover, we note that this court recently has held that the existence of a facsimile of an expert's affidavit establishes the existence and availability of the original affidavit. *Sisk v. Patel*, 217 Ga. App. 156, 158-159 (456 SE2d 718) (1995). In *Sisk*, we also held that a plaintiff should be allowed to file "a facsimile of a properly executed affidavit with a complaint in a professional malpractice action so as to

avoid the running of the statute of limitation. Then the original should be allowed to be filed as a supplemental pleading. . . ." Id. at 159. Therefore, we conclude that the trial court did not err in considering the facsimile of Burman's affidavit or in allowing plaintiffs to later supplement their complaint with the original affidavit.

We also reject defendant's argument that the trial court should have granted his motion to dismiss because there are slight variances between the notary's and affiant's signatures on the facsimile and their corresponding signatures on the original expert's affidavit. Defendant did not raise this argument below and thus has waived it for purposes of appeal. Moreover, we note that the content of the facsimile and the original affidavits is identical. The signatures found on the facsimile were clearly made by the same individuals who signed the original affidavit.

*Judgment affirmed. Beasley, C. J., and Ruffin, J., concur specially.*

BEASLEY, Chief Judge, concurring specially.

I concur in the judgment because I am compelled to do so due to the whole court decision in *Sisk v. Patel*, 217 Ga. App. 156 (456 SE2d 718) (1995). However, a facsimile is not the equivalent of an affidavit, else why is it necessary to file the original affidavit after a facsimile is filed? In addition, the document initially filed in this case was not a facsimile of the affidavit subsequently filed after the twice-extended time had expired; the signatures differed.[1]

By deciding that a timely filed facsimile fulfills the requirements of OCGA § 9-11-9.1 (b), the court avoids the applicability of subsection (e). That subsection, which accommodates inadvertent human error, permits late filing which is "the result of a mistake." See *St. Joseph's Hosp. v. Nease*, 259 Ga. 153 (377 SE2d 847) (1989); cf. *Cheeley v. Henderson*, 261 Ga. 498 (405 SE2d 865) (1991); *Brown v. Middle Ga. Hosp.*, 211 Ga. App. 884 (440 SE2d 687) (1994). Plaintiffs show no such mistake here. They simply did not have the affidavit until about May 28, when they filed it. What they then filed was dated May 13, the last day of the extended time period. There is no explanation in the record why the plaintiffs could not obtain, for filing by May 13, 1992, or court extension, the affidavit of a physician to support their claim of negligence on January 30-31, 1990. Although their original counsel died sometime after filing the complaint, new counsel did not obtain any further extension to supplement the pleadings with the affidavit, after obtaining the first and second extensions with the consent of opposing counsel.

---

[1] From the copy we have, it almost looks as though the affiant's signature on the original document, of which the facsimile is a copy, was affixed by rubber stamp.

"[T]he legislature, and not the courts, is empowered by the Constitution to decide public policy, and to implement that policy by enacting laws; and the courts are bound to follow such laws if constitutional." *Commonwealth Investment Co. v. Frye*, 219 Ga. 498, 499 (134 SE2d 39) (1963). This is our obligation even though OCGA § 9-11-9.1 is a tight and relatively inflexible control of the procedure for bringing malpractice actions to court. It is detailed and precise, yielding little discretion to trial judges to accommodate peculiar circumstances such as the use of faxed documents.

I am authorized to state that Judge Ruffin joins in this special concurrence.

DECIDED JULY 11, 1995 — ▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Watson, Spence, Lowe & Chambless, Thomas S. Chambless, Dawn G. Benson*, for appellant.

*Brimberry, Kaplan & Brimberry, Jerry W. Brimberry, Jerry W. Brimberry, Jr.*, for appellees.