### A95A2584. ALLEN et al. v. CALDWELL.

(470 SE2d 696)

ANDREWS, Judge.

Shirley and John Allen appeal the trial court's order granting defendant Alton Caldwell, D.O.'s, motion to dismiss their complaint in the underlying medical malpractice case. Caldwell's motion to dismiss was based on the Allens' failure to comply with the mandates of

OCGA § 9-11-9.1. We affirm.

1. On December 16, 1994, the Allens filed the underlying renewal of their medical malpractice action pursuant to OCGA § 9-2-61. Attached to their renewed complaint was a copy of an unnotarized affidavit signed by Steven Todd Flax, M.D., that had been transmitted by facsimile to the Allens' attorney.

While a facsimile affidavit can satisfy the requirements of OCGA § 9-11-9.1, see *Sisk v. Patel*, 217 Ga. App. 156, 158 (456 SE2d 718) (1995), "[i]n the absence of a valid jurat, a writing in the form of an affidavit has no force, no validity, amounts to nothing, when standing alone, or when construed in connection with other evidence." (Punctuation omitted.) *Harvey v. Kidney Center of Central Ga.*, 213 Ga. App. 319, 320 (444 SE2d 590) (1994); *Hill-Everett v. Jones*, 197 Ga. App. 872, 873 (1) (399 SE2d 739) (1990).

Additionally, the facsimile affidavit is not identical to the original affidavit filed by the Allens with their Amendment to Complaint on March 1, 1995, over two and one-half months after the complaint had been filed in this action and over four years since the alleged malpractice. It is acknowledged by the Allens that the original affidavit with jurat was not in the possession of their counsel when the complaint was filed, due to Dr. Flax's surgery schedule.

Therefore, the affidavit attached to the Allens' renewed complaint did not satisfy the requirements of OCGA § 9-11-9.1.

2. Neither can we accept the dissent's conclusion that, because paragraph 4 of the complaint incorporates the pleadings from the Allens' prior action, the Allens were relying on the 1993 affidavit of Dr. Flax, filed with that action, which affidavit was properly notarized. This contention, however, is specifically negated by paragraph 13 of the complaint that states "[t]he affidavit required by OCGA § 9-11-9.1 *is attached hereto.*" (Emphasis supplied.) No copy of the 1993 affidavit is attached, only the facsimile.

In addition, the facsimile and the original 1994 affidavits differ in the signatures of Dr. Flax and the number of lines of print appearing on the pages. The facsimile contains more lines of print per page than the "original." As pointed out in *Sisk*, supra, for there to be a facsimile, there must be an original. The definition of "facsimile" is "[a]n exact copy or reproduction, as of a document." American Heritage Dictionary, Second College Edition, 1985, p. 484. Therefore, there is no rational conclusion possible from *Sisk* except that the facsimile there contained the jurat and was identical to the original. Such is not the case here. See also *Roberts v. Faust*, 217 Ga. App. 787 (459 SE2d 448) (1995).

At what point would the dissent cease to expand OCGA § 9-11-9.1 beyond its terms? If the facsimile is not required to be exact, how close to the original must it be? Is it enough if there is no written sig-

nature of the affiant, only a typed name and line? Is it enough if the "original" when filed contains the "gist" of the facsimile?

As the trial court concluded here, the affidavit filed with the complaint did not comply with the plain terms of OCGA § 9-11-9.1.

*Judgment affirmed. Birdsong, P. J., Johnson, Smith and Ruffin, JJ., concur. Beasley, C. J., McMurray, P. J., Pope, P. J., and Blackburn, J., dissent.*

BLACKBURN, Judge, dissenting.

I respectfully dissent from Division 2 of the majority as I believe that the existence in the record of the properly notarized affidavit containing the elements of negligence against Dr. Caldwell as required, saves the Allens' complaint from the unforgiving jaws of OCGA § 9-11-9.1 (e). It is important to recognize that the parties are now in the same positions as when the original complaint was filed. The renewed action merely sought to add new defendants which have since been dismissed. I agree with the majority that the affidavit attached to the renewed complaint, being without a valid jurat, was not an affidavit within the meaning of OCGA § 9-11-9.1. I also agree with the majority that by filing the new affidavit with the renewed complaint the Allens were not exclusively relying on the original affidavit even though it was incorporated into the renewed action. However, there is no requirement for such exclusive reliance on the part of a plaintiff. It is enough that a proper affidavit is in the record informing Dr. Caldwell of the negligent acts or omissions alleged on his part. The very purpose of OCGA § 9-11-9.1 was met by Dr. Flax's review of the medical records and determination of negligent acts.

Dr. Flax executed an affidavit containing a valid jurat on June 11, 1993, that was filed with the Allens' original complaint. In paragraph 4 of their renewed complaint, the Allens incorporated by reference all of their pleadings from their former action. Dr. Flax's first affidavit set forth allegations of negligence specifically against Dr. Caldwell. Although I recognize that Dr. Flax's affidavits are not identical, the differences relate to the additional defendants added in the Allens' renewed action and not to the allegations of negligence against Dr. Caldwell. The affidavit filed in the original action and incorporated by reference in the renewed action sufficiently meets the requirements and purpose of OCGA § 9-11-9.1. Plaintiff's reliance statement in paragraph 13 of their renewed complaint in no way negates the existence of the proper affidavit incorporated by reference in paragraph 4.

In *Sisk v. Patel*, 217 Ga. App. 156, 159-160 (456 SE2d 718) (1995), a majority of this Court agreed that "the history of OCGA § 9-11-9.1 in the appellate courts has shown beyond a reasonable doubt that it is only with great difficulty made workable in the practical

arena of litigation, and has largely failed to achieve its purpose of reducing frivolous litigation. Rather, it has created an added layer of motions regarding the sufficiency of affidavits preceding the motions for summary judgment on the merits. Rather than continuing to interpret and reconcile subsection after subsection added to the statute by the legislature in attempts to fix what is fundamentally broken, the better approach is to construe pleadings liberally to do substantial justice in accordance with OCGA § 9-11-8 (f)."

In *Bell v. Figueredo*, 190 Ga. App. 163, 164 (378 SE2d 475) (1989), rev'd on other grounds, 259 Ga. 321 (381 SE2d 29) (1989), this Court determined that a lawsuit renewed under OCGA § 9-2-61 is an action de novo, and therefore, all procedural prerequisites such as "filing of a new complaint and perfection of service must be met anew." However, in the present case as it relates to Dr. Caldwell, the statutory requirements of OCGA § 9-11-9.1 are met anew by the renewed complaint's reference to and incorporation of the previously filed affidavit. Furthermore, statutory prerequisites designed to limit frivolous medical malpractice actions hardly compare to the due process protections surrounding filing and service of complaints addressed in *Bell*, supra.

Based on the foregoing, I would find that the trial court erred in dismissing the Allens' complaint.

I am authorized to state that Presiding Judge McMurray and Presiding Judge Pope join in this dissent.

DECIDED MARCH 11, 1996 —
RECONSIDERATION DENIED MARCH 29, 1996 — 

*Stefano A. Didio*, for appellants.
*Long, Weinberg, Ansley & Wheeler, Robert G. Tanner, Stephen R. Chance*, for appellee.