## A05A0151. THOMAS et al. v. GASTROENTEROLOGY ASSOCIATES OF GAINESVILLE, P.C. et al.
### (616 SE2d 455)

MILLER, Judge.

Lois Thomas brought this medical malpractice action against a doctor, his practice group, and a hospital in connection with her husband's death, but failed to attach a properly notarized expert affidavit to her complaint. She now appeals from the trial court's order of dismissal for failure to cure the defective affidavit. We find no error and affirm.

Thomas filed her complaint on December 15, 2003, attaching an affidavit from a licensed physician in support of her claim that the defendants' negligence had caused her husband's death. The affidavit was signed before a notary public on October 28, 2003. However, that notary's commission had expired 20 days earlier, on October 8. In January 2004, the defendants answered and moved to dismiss on the ground that the affidavit was invalid as a result of the expired commission. Thomas filed a response to the motions to dismiss on January 15, but did not file a properly notarized expert affidavit until March 5, 2004, 50 days after the filing of the motions to dismiss. The trial court granted the motions to dismiss on the ground that Thomas had not cured the defective affidavit within 30 days. Thomas appeals.

Georgia law requires that a plaintiff alleging professional malpractice must attach an affidavit from "an expert competent to testify," and setting out "at least one negligent act or omission" as the basis for his claim. OCGA § 9-11-9.1 (a). The statute goes on to specify that

[i]f a plaintiff files an affidavit which is allegedly defective, and the defendant to whom it pertains alleges, with specificity, by motion to dismiss filed contemporaneously with its initial responsive pleading, that said affidavit is defective, the plaintiff's complaint is subject to dismissal for failure to state a claim, except that the plaintiff may cure the alleged

defect by amendment pursuant to Code Section 9-11-15 within 30 days of service of the motion alleging that the affidavit is defective. The trial court may, *in the exercise of its discretion*, extend the time for filing said amendment or response to the motion, or both, as it shall determine justice requires.

(Emphasis supplied.) OCGA 9-11-9.1 (d). "In the absence of a valid jurat, a writing in the form of an affidavit has no force, no validity, [and] amounts to nothing," since "[t]o make a valid affidavit the affiant must swear to it, and the fact of his swearing must be certified by a proper officer." (Citations and punctuation omitted.) *Harvey v. Kidney Center of Central Ga.*, 213 Ga. App. 319, 320 (444 SE2d 590) (1994).

The expert's affidavit at issue here amounted to nothing because its jurat was not proper. See *Harvey*, supra, 213 Ga. App. at 320. The defendants brought their motions to dismiss on this basis, and yet Thomas failed to cure the defect within the 30-day period allowed her by statute. Thus we cannot say that the trial court abused its discretion when it granted the motions to dismiss. See *Goodin v. Gwinnett Health System*, 273 Ga. App. 461 (1) (615 SE2d 129) (2005) (affirming dismissal when plaintiff failed to file a properly notarized affidavit within 30-day cure period set out in OCGA § 9-11-9.1 (d)); *Harvey*, supra, 213 Ga. App. at 320.

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED MAY 20, 2005 —
RECONSIDERATION DENIED JUNE 14, 2005 — ▮▮▮▮▮▮▮▮▮

*Steven L. Beard, Charles M. Cork*, for appellants.
*Forrester & Brim, James E. Brim III*, for appellees.